## Simon Bailey *v.* The State.

1. Motions for Rehearing are required by the Code of Procedure to be filed within fifteen days after the rendition of the judgment, unless the court sooner adjourns, in which case the court is empowered to regulate the matter. If the court does not adjourn within the fifteen days, it has no jurisdiction to entertain a motion for rehearing filed after the lapse of that period. But the authority of the court to correct clerical errors and the like, and to entertain proceedings for the enforcement of its judgments, is not thus restricted.

2. Jeopardy.—Pendency of other indictments for the same charge is not jeopardy, nor is it in any way available to the accused until he has been put in jeopardy under one of them. He cannot require that the State elect upon which of the indictments it will proceed.

3. Practice.—Objection that the minutes of the court fail to show that the indictment was presented by a grand jury of the proper county must be made before verdict.

Appeal from the District Court of Brazoria. Tried below before the Hon. W. H. Burkhart.

The conviction was for rape of a little girl. She and the appellant were negroes. A term of twenty-five years in the penitentiary was the punishment assessed.

*H. E. Vernor,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

HURT, J.   The judgment of the District Court was affirmed by this court on the 8th day of May, at the late Austin term.   On the 29th day of June, 1881, and after the adjournment of the court at Austin, application was made to the writer, as one of the judges of this court, for permission to file a motion for rehearing, which was granted with a view that the question of practice in such case might be considered and definitely settled, as it had frequently been discussed by the profession, and no adjudication had been previously made directly with regard to it.   The motion was filed on the 30th day of June, more than fifteen days after the rendition of judgment by this court.

An examination of the matter has satisfied us that the filing of the motion, under the circumstances, was without authority of law.   Article 1051, Revised Statutes, provides that "Any party desiring a rehearing of any matter determined by said courts may, within fifteen days after the date of entry of the judgment or decision of the court, file with the clerk of said court his motion in writing for a rehearing thereof, in which motion the grounds relied upon for the rehearing shall be distinctly specified and the name and residence of the counsel of the opposing party if known, and if not known then the name and residence of the opposing party as shown in the record; *provided* that, should the court adjourn within less time than fifteen days after the rendition of the judgment, it may make such rules and regulations in reference to the filing of the motion as to it may seem best for the promotion of the interest of all the parties concerned."

The motion for rehearing not being filed within fifteen days, as is required by the statute, we are not author-

ized to consider and act upon the same. We are not to be understood, however, as holding that this court will not, under any circumstances, entertain a motion for rehearing after the expiration of the fifteen days. The powers of this court are not so restricted as to prevent the court from correcting clerical errors, mistakes, or defects of form, or making additions of matters which may be necessary to carry out the judgment of the court. Nor does the statute place such a restraint upon the powers of this court as to prevent the court from declaring null and void a judgment rendered in a case not legally before the court. See a full discussion of this subject in *Burr* v. *Lewis*, 6 Texas, 76. The appellant's case was legally before this court. The jurisdiction of this court having attached (without fraud) regularly and legally, the statute must prevail.

But, as the record presents a question which may occasionally arise in practice, we deem it proper to give our views upon it. The following supposed cases will present the point: Suppose that there are a number of indictments pending in the court and charging the defendant with the same offense; has he the right to force the State to elect upon which it will try? Again: suppose the defendant has been tried upon one, convicted, and a new trial granted, and he is then sought to be placed on trial upon another, charging him with the same offense, can he interpose a legal objection to this proceeding? The answer to these questions, unquestionably, must be in the negative. If convicted or acquitted, or if jeopardy has attached, this could be pleaded to the prosecution, whether the indictment was then pending or was subsequently presented. The fact that another indictment was then pending in the same or some other court, for the same offense, can never be interposed to a prosecution. (We are not discussing the question of bail.)

If the minutes of the court fail to show that the indict-

ment was presented, this should have been objected to before verdict; it cannot be made a ground for a motion in arrest.

The motion for rehearing not being made in proper time, it is, therefore, dismissed.

*Motion dismissed.*