Wiieeler, J.
This conrt can acquire jurisdiction of causes only by one of two modes: by appeal or writ of error; and where the former mode is resorted to tlie jurisdiction of the court can attach only when the appeal is perfected.
To constitute an appeal perfected, the appellant must give notice of appeal during tlie term, and within twenty days after the term he must give bond for the prosecution of the appeal. (Hart. Dig., secs. 789, S19.) Until these two constituents of ail appeal concur there is no appeal. Neil her of itself Is sufficient. And although notice be given, until the bond is also given the appeal is incomplete and ineffectual, aiid the jurisdiction of the appellate court does not attach. This seems clear upon principle, and it lias been expressly *41 decided. Iu Mississippi it is held that the filing of an appeal bond is a condition precedent to the jurisdiction of tlie appellate court. (1 S. & M. R., 657.) And in tlie court of appeals of Kentucky, if tlie appeal bond be not given in time tlie appeal is treated as a nullity and stricken from tlie docket. (7 Mon. R., 118; Id., 114; 1 Da. R., 589.)
It appears from the certificate of tlie clerk that the term of tlie District Court at which the judgment in this case was rendered closed on the 16f.li day of July, 1849, and the appeal bond was given and approved on the Gtli day of August next thereafter. The statute, as we have seen, requires that tlie appeal bond be given within twenty days after tlie term of tlie court at which the judgment was rendered.
It is a well-settled rule respecting the computation of time that where it is to be computed from or after a certain day from an act done, the day on which Lie act is done is to be excluded iu (be computation unless it, appear that a different computation was intended. (1 Rick. R., 485 ; 1 Tex. R., 107.)
By applying this rule to tlie present case, the twenty daj-s allowed for giving tlie appeal bond expired on the 5th day of August, and the appeal wi'is not perfected by giving a bond within the time prescribed. This court did not therefore acquire jurisdiction of tlie case ; its judgment was a nullify ; and tlie application to set it aside and revoke tlie mandate ought ío be granted, unless for some one of the causes urged in opposition to the motion, which, therefore, it becomes material to consider.
And can we, at this term, entertain the application to reconsider a judgment rendered at the last term of this court?
In the ease of Chambers v. Hodges (3 Tex. R., 517) this court refused to entertain an application for a rehearing made at a terra subsequent to that at which the judgment was rendered. It is there said that “courts of dernier ressort have no power to revise and alter materially their judgments rendered at a previous term;” but that “this limitation upon the power of tlie court will not prevent the correction of clerical errors or mistakes or defects of form, or tlie addition of such clause as maybe necessary to carry out the judgment of tlie court, or to declare a judgment null and void which was rendered in a case not- legally before the court.”
The application in that ease was not made during tlie term at which the judgment was rendered. Here it was so made and continued’ by order of tlie court-, and it lias been tlie practice of the court., where tlie application was made during the term and continued, to consider and act upon it at the succeeding term.' Tlie act of continuing the application implies, indeed, that it will be subsequently considered.
But if the case was not legally befrfre ns at the last term when the judgment was rendered, it is immaterial at what term tlie application was made; for if tlie judgment he a nullity, it may be so declared upon a motion made at a subsequent term. Tlie case Ex parte Crenshaw, decided by the Supreme Court of the United States, is iu point.
Ail appeal had been prosecuted, and, the appellee not appearing, the case was argued by tlie appellants and decided by the court.. Tlie citation required by act of Congress hud not been served upon (lie appellee, and this was not known to (.lie court when the case, was decided. At tlie succeeding term it was brought to tlie attention of the court by the appellee, and on his motion then made the court decided that the case was not legally before them at tlie preceding term when tlie judgment was rendered in consequence of the want of service of tlie citation upon the appellee, ami they declared tlie judgment of the former term null and void, and revoked the mándale. (15 Pet. R., 119.)
Tlie principie that an application for a rehearing upon the merits cannot be entertained after tlie term does rot apply where the judgment is sought to be set aside, as in this case, upon the ground Unit it was not a legal judgment when rendered for the want of jurisdiction. If the judgmeut when rendered was void, it could not conclude tlie rigid of any party.
Note 12.—Messner v. Lewis, 17 T., 519; Lyell v. Guadaloupe County, 28 T, 57; Geary v. Cummins, 28 T., 91; Loftin v. Nalley, 28 T., 127; McLane v. Russell, 29 T., 127; Duggan v. Noel, 30 T., 451; House v. Burnett, 40 T., 346; Halloran v. T. & N. O. R. R. Co., 40 T., 465.
But it is insisted that this court cannot receive the certificate of the clerk as evidence of the time of the adjournment of (he District. Court, (it not having been embraced in the record) in order to bo informed by it that the appeal bond was not given in time.
The better, practice would be .for the clerk to certify in every record the day of Hie adjournment of the court in order that the fact may appear by the record. This was not clone in the present case; and when the judgment was rendered, (his court had not the menus of knowing that the appeal had not been legally perfected. The record, however, was procured and presented for the action of this court by the appellee. The omission was not the fault of (lie appellant, and as the proceeding was ex parte, lie ought to be permitted to supply that omission and to perfect the record.
Before judgment, in a proper case, the regular course is to apply for a cer-tiorari to complete the record. But we are of opinion that, in this case, and for the purpose of tins application, it was competent thus to show the time of the adjournment of the court, the record being silent as to that fact.
It is further objected that the twenty days allowed for giving the appeal bond expired on Sunday, and that (be appellant was therefore entitled to die following Monday, which was the day on which the bond was in fact given.
This precise question was decided by the Supreme Court of New York in the ease Ex parte Dodge, (7 Cow. R., 147.) Several of the authorities now cited in support of the position that Sunday, being the last day oE the time allowed' by the statute for perfecting the appeal, is not to be counted, were cited and relied on to maintain the same proposition in that ease. But die court said: “The cases referred to respect rules of practice.” “Sunday lias in no case, we believe, been excluded in the computation of statute time.” (Id., 14S.) They accordingly decided that an appeal taken on Monday, the ton days allowed by the statute having expired on the preceding Sunday, was not. in lime.
The cases cited by counsel for the appellee show that the court, in tiie construction of its rules of practice, may exclude Sunday in the computation of time. But no case has shown that, where a statute directs that an act shall be done within a certain number of days, Sunday may be excluded from the computation, though it be the last day. That proposition cannot, it is believed, be maintained.
It remains to dispose of the objection that the appellants cannot take advantage of tlicir own omission to perfect their appeal in time.
If no question of jurisdiction was involved, this objection would doubtless have much force. But even consent cannot give jurisdiction. A party may he estopped by Ills own act. But ail estoppel of the party cannot confer upon the court jurisdiction of the case.
We are of opinion that the case was not legally before the court when the judgment of affirmance was rendered, and that judgment was consequently a nullity. It must bo so declared, and the mandate directed to the District Court must be revoked.