Hiram H. McLane v. Charles A. Russell.

It is well settled, that in order to give jurisdiction to this court by appeal, notice of appeal must be given and entered of record during the term, and the appellant must enter into a proper appeal bond, which must be approved and filed by a clerk within twenty days from the date of adjournment of the term at which the judgment was rendered; and if this be not done the appeal will be stricken from the docket. (Paschal's Dig., Art. 1491, Note 583.)

If the appeal bond appear in the record, indorsed with the proper file-mark of the clerk, his approval will be presumed, although it should not expressly appear to have been approved.

And if the bond be properly approved the filing will be presumed; but if there be neither filing nor approval the appeal will be dismissed.

Appeal from Karnes. The case was tried before Hon. John F. McKinney, one of the district judges.

McLane attempted to appeal, and there is copied into the transcript an appeal bond, in the usual form, but it is not approved by the clerk, nor has it any file-mark at all indicating that it was filed. The case turned upon the motion to dismiss the appeal.

*C. A. Russell,* for himself, filed a brief upon the merits. The *Reporter* finds no arguments upon the motion.

Coke, J.—In order to confer jurisdiction by appeal on this court, it is well settled, by repeated adjudications, to be necessary that notice of appeal be given and entered of record during the term, and that the appellant shall enter into a proper appeal bond, which must be approved and filed by the clerk within twenty days from the date of the adjournment of the term at which the judgment was rendered; and that, if a record is filed here which does not show affirmatively that these requirements have been complied with, the case is *coram non judice,* and will be stricken* from the docket. (O. & W. Dig., Arts. 548, 549; Burr v. Lewis, 6 Tex., 81; Lyell v. Guadalupe Co., (late Austin term,) [28 Tex., 57.]

We have held that, where an appeal bond appears in the record indorsed with the proper file-mark of the clerk, we will presume his approval, although it does not expressly appear to have been approved; and that, when such a bond is properly approved by the clerk, we will presume its proper filing, although the indorsement of the filing is not on it. In each of these cases the official act

of the clerk, which appears in the record, necessarily includes the existence and verity of the other, which does not appear, and shows conclusively that its non-appearance is attributable to a mere clerical oversight or omission.

But the appeal bond in this case is neither filed nor approved by the clerk, and appears in the record unaccompanied by any evidence or presumption of its verity or authenticity. Its embodiment in the record in this shape was unauthorized, and imparts to it no force or validity, and entitles it to no consideration. In contemplation of law the appeal in this case has never been perfected, and the case must be stricken from the docket.

ORDERED ACCORDINGLY.