W. W. HAMMOCK v. D. D. MAY.

1. It is the duty of the district clerk, upon filing a motion, to enter the same at once upon the motion docket; but a failure to so enter a motion for new trial, *filed* within two days after the trial, should not be allowed to work an injury to the party filing the same.

2. A motion handed to the clerk, and by him endorsed filed, with his official signature, is properly filed, although the clerk, at the time, was not in his office.

3. See as to practice in filing and docketing motions.

Appeal from Coryell. Tried below before the Hon. J. P. Osterhout.

On twelfth day of July, 1871, on trial upon the merits, the jury rendered a verdict in favor of the plaintiff. On the same day judgment was rendered in his favor.

On 13th, the defendant filed his motion for a new trial, setting up several grounds.

The motion was filed after the adjournment of the court, on the night of the 13th, and when the clerk was out of his office. No instructions were given to the clerk that the motion should be entered upon the motion docket. The attorney filing the motion took it and all the other papers in the case to his room, giving his receipt for them. The papers were returned to the clerk on the 15th. The attorney for the plaintiff had, on the 14th, called upon the clerk for such motion, and examined the docket, and had no notice that the motion had been filed until the 15th, which was the last day of the term.

The motion was entered upon the motion docket on the 15th.

The plaintiff excepted to the motion because it had not been filed within two days after the trial.

The court refused to hear the motion. The judgment was entered, and from the action of the court in refusing to entertain the motion, an appeal was taken.

The other facts appear in the opinion.

No brief furnished for appellant.

*Robards & Blackburn* and *McGinnis & Lowry*, for appellee, cited 4 Texas, 336, Beale v. Alexander; 6 Texas, 541, Warren v. Bailey; 7 Texas, 520, McKean v.

Ziller ; 9 Texas, 59 ; 16 Texas, 312 ; 19 Texas, 270 ; and Paschal's Digest, Arts. 1453 and 1473.

OGDEN, J.   Article 1473, Paschal's Digest, provides that "all motions for new trials, in arrest of judgment or to set aside a judgment, shall be made within two days after the rendition of verdict, if the term of the court shall continue so long."   And Article 1453 further provides that " there shall be a motion docket, to be kept by the clerk, in which he shall enter all motions filed in the court."   The manner of filing all papers in the court, and the requisites necessary to constitute a filing, are specifically defined in Article 1445, Paschal's Digest.   From this it is clear that no paper can be considered filed in a cause unless the clerk shall have endorsed thereon the day on which it was filed and signed his name thereto. It is not absolutely necessary that the clerk, when he marks a paper filed, should be in the court room or his office in order to perfect the filing, provided the same be done in good faith by the clerk, and not in such a manner or under such circumstances as to work an injury to other parties.

The statute cited makes it the especial duty of the clerk, where he has filed a motion, to enter the same in a motion docket, to be kept by him for that purpose.   He should in no instance allow a motion filed by him to go out of his possession until the same has been entered on the motion docket, and a failure of the clerk to perform any duty expressly required of him by the law should not be permitted to work an injury to other parties.

The fact that the attorney who presented the motion wished to take the same, with the other papers of a cause, out of the office for examination, is no excuse for the clerk's failure to make the required entry in his motion docket.   Attorneys employed in the prosecution or

defense of a cause have a right, under proper regulations, to take all the papers filed in the cause in which he is so employed out of the office, for a reasonable time, for examination, and when so doing he should not be held responsible for the negligence of the clerk.

In the case at bar the verdict was rendered on the twelfth day of the month, and on the night of the 13th motions for a new trial and in arrest of judgment were marked filed by the clerk, out of his office, who immediately went to his office and delivered the other papers in the cause to the attorney who presented the motions, but failed to enter the motions on the motion docket until the morning of the 15th. We think the motions were filed in time, and had the clerk performed his duty no question in regard to the same would now have been raised.

There is no improper act or motive imputed to the attorney in taking the papers from the office, by the affidavit of the clerk or any other person. And we are of the opinion that the court erred in refusing to hear and consider the same. There are two records in this case, but from the imperfection of both, we are unable to form any judgment in regard to the merits of the cause attempted to be presented ; and for the reasons herein indicated, the judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.