[REPORTERS' NOTE.—The two cases which follow were decided at former terms of this court, but the records failed to reach the Reporters at the proper time. Upon sundry questions of practice in this and the inferior courts the rulings will be found instructive and important.]

## N. E. CRADDOCK v. THE STATE.

[Tyler Term, 1881.]

1. PRACTICE IN COURT OF APPEALS—JURISDICTION—REHEARING.—By Article 5, section 6, Constitution of this State, the Court of Appeals is empowered "upon affidavits, or otherwise, as by the court may be thought proper, to ascertain such facts as may be necessary to the exercise of its jurisdiction." See the opinion *in extenso* for a state of case upon which this court, exercising the constitutional power thus conferred, supersedes its mandate and awards a rehearing in a misdemeanor cause disposed of at a former term, by dismissing the appeal for the want of jurisdiction.

2. SAME.—A judgment rendered by a court without jurisdiction is void, and its nullity may be adjudged in a proceeding instituted for the purpose, whether the court be one of general or limited jurisdiction, or whether it be a superior or an inferior court, or whether the judgment could or could not be collaterally called into question. Such a proceeding, when instituted in this court to vacate one of its own judgments, is not subject to the statutory limitations upon ordinary motions for rehearing, and, in a proper case, will be entertained by this court at a term subsequent to the term at which the judgment was rendered.

3. SAME—CASE STATED.—At the Austin term, 1881, of the Court of Appeals, the appeal in this case (which is a misdemeanor) was dismissed, because no recognizance appeared in the record, and therefore this court had no jurisdiction. At the ensuing Tyler term, the appellant, by his sworn petition, shows to the court that, owing to the destruction of the original record in the court below, and by means of unauthorized proceedings in that court at the instance of the county attorney, a pretended substitu-

tion of the destroyed record was effected without notice to him, the appellant; that the transcript acted on by this court at its former term was a transcript of such substituted record; and that the original record showed, and a proper substitute for it would show, that a proper recognizance for his appeal was entered into by him, the appellant, and therefore this court did have jurisdiction of the cause. Upon the showing thus made by the appellant, this court, being satisfied of its truth, supersedes the mandate issued on its judgment rendered at its former Austin term, and awards a rehearing of the cause at the next term of this court to be held at Austin.

APPEAL from the County Court of Dallas. Tried below before the Hon. R. E. Burke, County Judge.

The appeal in this case was from a conviction for selling beer and whisky on Sunday, June 7, 1879. The punishment assessed was a fine of twenty dollars.

The opinion of this court discloses all facts relevant to the rulings.

*R. E. Cowart* and *Crawfords & Smith,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WINKLER, JUDGE. At the April term, 1881, there were three cases upon the docket of this court at the Austin branch thereof under the style of N. E. Craddock, appellant, *v.* The State of Texas, and numbered respectively 2094, 2095 and 2096. These several cases were dismissed, being misdemeanors, on motion of the assistant attorney general, representing the appellee, on the ground that it appeared to this court that there is no recognizance set out in the record. In each of the three cases the action of this court at the Austin branch was substantially the same. For the same reasons judgments were entered dismissing the appeal at the cost of the appellant.

It is now here shown by the petition of N. E. Craddock, presented under oath, that the records of the court before which these several cases were originally tried, the County Court of Dallas county, including the three cases above referred to, had been destroyed by fire at a time subsequent to the trial of the cases in the County Court and prior to the time the transcript of the proceedings were prepared for appeal, and that the county attorney attempted to supply the burned records by furnishing

the clerk with what is deemed to be a substantial copy of the several indictments, and certifying that the originals had been burned up and could not be found, and furnishing copies of other portions of the record. It is further here shown, and the attention of the court is called to the fact for the first time, not only that the petitioner was first informed of the pendency of the several appeals in this court at Austin by the mandates of this court in the cases, but that the pretended substitution of the papers and records, which had been burned up as set out above, was made without notice to himself or his counsel. And it is further shown, not only that those portions of the record which were attempted to be substituted were substituted without notice, but that there was no attempt even on the part of the county attorney to substitute the entire record which had been destroyed, and which is averred to have existed and to have been destroyed; comprising the several pleas of the defendant, the charges of the court, and the recognizances, which, it is averred, were entered into by the defendant, preparatory to his appeal to this court in the several cases mentioned. It is further averred "that all of the proceedings in substituting said lost papers in the County Court were void for want of notice, and so also were the proceedings on the pretended appeal in the Court of Appeals, and that the Court of Appeals, by reason of the fraud of the county attorney, and for want of notice to petitioner, never acquired jurisdiction of said cases; and that the imposition of the said pretended transcript on the Court of Appeals was a fraud upon the jurisdiction of that court, and a gross wrong to the rights of the petitioner." It appears that the several appeals were dismissed on June 4, 1881.

The first inquiry which presents itself is, whether the petitioner is not too late; whether he should not have made his application to the Austin branch of the court, and before the expiration of the term. Ordinarily, a rehearing will not be granted except on motion in writing filed with the clerk within fifteen days after the date of the entry of the judgment sought to be inquired into; and when the court adjourns within less time than fifteen days after the rendition of the judgment, the court may make such rules and regulations in reference to the filing of the motion as to it may seem best for the promotion of the interests of all parties concerned. (Rev. Stats., Art. 1051; *Bailey* v. *The State*, 11 Texas Ct. App., 140.) This general rule, however, is not without exceptions. The authorities all agree that a judgment ren-

dered by a court without jurisdiction is void, and may be attacked by a proceeding having that object in view, without regard to whether it is a court of general or limited jurisdiction, or whether it be a superior or an inferior court; and without any regard as to whether it could be called in question collaterally or not, and without reference to the legal presumption which may be invoked in favor of the jurisdiction of the court. (See these questions discussed in Wells' *Res Adjudicata* and *Stare Decisis,* sec. 475, *et. seq.*)

By positive requirement of law this court cannot entertain jurisdiction of any case in which a recognizance is required by law, unless such recognizance be given in substantial compliance with Article 852 of the Code of Criminal Procedure. (Code Crim. Proc., Art. 853.) The form and requisites of a recognizance in appeals in misdemeanors are set out in Article 852 of the Code of Procedure. In Craddock's cases dismissed at Austin, the records contained no recognizance, and, the attention of the court being called to that fact by motion of counsel representing the State, the cases were dismissed, as a matter of course, for the want of jurisdiction; whereas it is now made to appear that if the records had been fully prepared, and had contained *all the proceedings had in the cases,* as required by Article 860, Code of Criminal Procedure, the records would have contained the recognizances of the defendant, and the appeals would not have been dismissed for the want of one.

The Court of Appeals is clothed by the Constitution "with power, upon affidavit or otherwise as by the court may be thought proper, to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction." (Art. 5, sec. 6.) Under the authority thus conferred we are of opinion the sworn petition of the party interested in the proceeding may be received and acted on in order to ascertain the fact that a proper transcript would have shown the jurisdictional fact that a recognizance had been entered into by the defendant in the County Court.

The law makes provision for supplying the records of deeds and other instruments between parties, and judgments, orders or decrees, etc., rendered in the County Courts, and prescribes the course of proceeding (Rev. Stats., Arts. 4286 to 4293 inclusive), and among other things requires notice to be given to the parties interested in such substitution. By the law relating to private writings, and to judgments of courts of record, parties

are required to proceed in the manner pointed out, and this be-ing done, it prescribes that "whereupon such clerk shall issue citation to the grantor in such deed, or to the party or parties interested in such instrument of writing, or to the party or parties who were interested adversely to the applicant at the time of the rendition of such judgment, or who may be now interested, or the heirs and legal representatives of such parties, to appear at a term of the District Court to be named in such citation, and contest the rights of the applicant to have any such deed, instrument in writing, or judgment, substituted and recorded; and service shall be as now provided for process in other cases." (Art. 4287.) In Article 4289 it is provided that: "Whenever any judgment, order or decree, duly entered in the County Court of any county has been or may hereafter be lost, destroyed or carried away, any person interested therein may file his written application with the clerk of the County Court to which the original record belonged, setting forth the facts entitling him to the relief sought, when the same proceeding shall be had, and the court shall enter a like judgment as provided for in the two preceding articles (4286 and 4287), so far as applicable."

It would seem that in the case of this petitioner the county attorney should have proceeded, in his effort at a substitution of the record, which had been destroyed, under the provisions of these articles of the statute, to have prepared a statement of the record or such portions thereof as had been destroyed, giving copies or the substance thereof, to the best of his ability, and have caused the citation to be prepared as pointed out in article 4287, and served upon the defendant in each of the three cases; and upon proper service the County Court would have been authorized and required to enter an order of record substituting such of the proceedings as were embraced in the citation. When this had been done, such proceedings, thus substituted, would have taken the place of the originals so lost or destroyed, and would have answered the same purpose on appeal as the originals. Simply granting an order permitting the substitution would not suffice; the substitution should in fact be made and be entered of record. (*Cox* v. *The State,* 7 Texas Ct. App., 495.)

The Supreme Court, in deciding *Burr* v. *Lewis,* 6 Texas, 76, alludes to the case of *Chambers* v. *Hodges,* 3 Texas, 517, and distinguishes between the two cases, and sanctions the practice of

taking into consideration a motion made at one term of the court but not decided until the succeeding term. In deciding the main question, Wheeler, judge, speaking for the court says. (p. 82): "The principle that an application for a rehearing upon the merits cannot be heard after the term does not apply where the judgment is sought to be set aside, as in this case, upon the ground that it was not a legal judgment, when rendered, for the want of jurisdiction. If the judgment, when rendered, was void, it could not conclude the right of any party." And before the remark quoted, the court, citing an authority, says: "But if the case was not legally before us at the last term, when the judgment was rendered, it is immaterial at what term the application was made; for if the judgment was a nullity, it may be so declared upon a motion made at a subsequent term." And in *Chambers* v. *Hodges*, it was held that courts of *dernier resort* have no power to revise or alter materially their judgment rendered at a previous term, but that this limitation upon the power of the court will not prevent the correction of clerical errors or mistakes, or defects of form, or the addition of such clauses as may be necessary to carry out the judgment of the court, or to declare a judgment null and void, which was rendered in a case not legally before the court. So that, whilst the cases cited are not precisely analogous to the one under consideration, still we are of opinion they may be invoked as authority for us to consider the present application, and grant such relief as lies within our power notwithstanding the application for relief was not made at the term of the court at which the judgments were rendered. The showing now made clearly indicates that the judgments were rendered upon grossly defective and imperfect records, in the preparation of which we are unable to see that the defendant was in any manner to blame.

Because of these facts. the mandates heretofore issued will be recalled, a rehearing will be awarded, to be heard at the next Austin term of this court, and until such time as the cases shall be reheard all further proceedings will be stayed, and all process. issued on the judgments will be superseded.

*Ordered accordingly.*

Opinion delivered November 23, 1881.