## THOS. J. CRABTREE v. J. E. WHITESELLE.

(Case No. 1904)

|     |     |
| --- | --- |
| 65  | 111 |
| 81  | 650 |
| 65  | 111 |
| 89  | 41  |

1. DEMURRER—DESCRIPTION—BOUNDARIES.—The petition described the land in controversy as eighty-five acres, more or less, out of a certain survey, situated at a certain distance from the town of C., and being a farm belonging to C. up to the time of her death, and known as the C place. *Held:*

   (1) The description of the land could not be attacked on demurrer unless it was manifest that the terms of the petition did not distinguish the land from all other tracts.

   (2) If a well-defined tract of land was known as the C place, and no difficulty was encountered on the trial in determining the precise limits of the land in controversy, the description on the face of the petition was not insufficient.

2. EXECUTION—RETURN—SALE—VALIDITY.—It does not affect the validity of a sale under an execution that the return on the execution failed to show that the owner was called upon to point out the property, or who pointed it out, or that notice of sale was posted, as required by law. (Howard *v.* North, 5 Tex., 290; Sydnor *v.* Roberts, 13 Tex., 598.)

3. SALE—HOLIDAY—CONSTRUCTION.—Article 1184, Revised Statutes, refers to such process as may be required in the commencement of a suit, and in cases of injunction, attachment and sequestration alone.

4. SAME—SUNDAY.—The issuance and service of process on Sunday is, at common law, invalid; the statute declares the common law and, by exception, modifies it. Holidays have only the sanctity attached to them by statute, and all business may be transacted on them except what is expressly forbidden. (63 Tex., 162.)

5. SAME—ARTICLE 1184, REVISED STATUTES.—The words "any civil process," in article 1184, Revised Statutes, are broad enough to cover executions, but the chapter limits the language to process pertaining to the commencement of suits. No such prohibition is found in the chapter on executions or legal holidays.

6. HOMESTEAD.—See opinion for facts held insufficient to constitute a tract of land a homestead.

7. SOURCE OF TITLE—INCONSISTENCY —When defendant agreed that a certain party was the common source of title to the land in controversy, he was precluded from claiming any interest in the land not derived from that source.

APPEAL from Navarro. Tried below before the Hon. L. D. Bradley.

The opinion states the case.

*Croft & Blanding,* for appellant, on the description of the land, cited : R. S., art. 4786, division 2; Croft *v.* Rains, 10 Tex., 520; Jones *v.* Andrews, 62 Tex., 653; Knowles *v.* Torbitt, 53 Tex., 557; Norris *v.* Hunt, 51 Tex., 609; Rogers *v.* Dagley, Tex. Law Rev., vol. 1, p. 12; Acts of 1871, ch. 139.

On the return they cited : R. S., arts. 2287, 2835, 2288, 2309 ; R. S., art. 1184; Davis *v.* Fish, 48 Am. Decs., 387 ; Pierce *v.* Hill, 33 Am. Decs., 306 ; Coleman *v.* Henderson, 12 Am. Decs., 290.

On homestead they cited : Wilson *v.* Cochran, 31 Tex., 677 ; Clements *v.* Lacy, 51 Tex., 150; Williams *v.* Wethered, 37 Tex., 130; Smith *v.* Deschaumes, 37 Tex., 429.

*W. J. McKie,* for appellee, on sufficiency of description, cited: Howard *v.* North, 5 Tex., 290; 13 Tex., 598; Hancock *v.* Metz, 15 Tex., 209 ; 27 Tex., 593; 29 Tex., 217.

On homestead he cited : Moreland *v.* Barnhardt, 44 Tex., 280 ; Baird *v* Trice, 51 Tex., 556; Clements *v.* Lacy, 51 Tex., 150; H. & G. N. *v.* Winter, 44 Tex., 597 ; Moreland *v.* Barnhardt, 44 Tex., 275 ; Barnes *v.* White, 53 Tex., 628; Anderson *v.* McKay, 30 Tex., 190 ; Franklin *v.* Coffee, 18 Tex. 413.

ROBERTSON, ASSOCIATE JUSTICE.—In the court below appellee brought trespass to try title against appellant and Geo. W. Crabtree. C. H. and L. J. McCormick intervened, and claimed against both parties one-fourth of the land in controversy. A judgment was rendered for appellee for three-fourths and for intervenors one-fourth of the land. Intervenors' part was that claimed by Geo. W. Crabtree, and, as he did not appeal, this part of the suit is disposed of. Appellee's right to recover one-half the tract was not disputed. The issue in the court below brought here for revision is whether appellant or appellee is the owner of the remaining undivided one-fourth of the land. The plaintiff's petition described the land as "eighty-five acres of land, more or less, out of the Lewis Powell one-third of a league survey, situate about five miles northeast of Corsicana in Navarro county, Texas, said eighty-five acres being a farm that belonged to Mrs. Sarah Jane Crabtree up to the time of her death, and known as the Crabtree place." To this petition appellant urged a general demurrer, which was overruled. This action of the court is complained of here on the ground that the description given is not sufficient on its face to identify the subject matter of the suit. This issue can be made by demurrer only when it is manifest that the terms used *do not* distinguish the land from all other tracts. The cases in which it has generally been held that the description given is insufficient are those in which the land is described as a given but unidentified number of acres out of a larger tract. Norris *v.* Hunt, 51 Tex., 609 ; Wofford *v.* McKenna, 23 Tex., 36. The land here sued for is a part of a larger tract, but the part is known as the "Crabtree place." It is also described as the farm which belonged to Mrs. Crabtree up to the date of her death. It is not impossible that the bounds of the tract may be as well defined by these descriptions as by field notes.

If it be true that a well defined tract of land is known as the " Crab-tree place, and no difficulty is shown to have been encountered on the trial in determining precisely the limits of the land in controversy, to describe it as the " Crabtree place" in the petition in a suit for it, is not on the face of the pleading an insufficient description. The demurrer was therefore properly overruled. The objections to evidence based on this ground were also properly overruled.

The appellee claimed the one-fourth interest in the land also claimed by appellant, under a purchase at execution sale of that interest as appellant's property. The appellant objected to the introduction in evidence of the execution under which appellee claimed, on the ground that the return indorsed on it did not show that defendant was called upon to point out property, or who pointed out the property levied upon, or that notices of sale were posted as required by law. The return does fairly show that notice of sale was given as required by law, but the omission of all these matters has been repeatedly held to be an irregularity not affecting the validity of the sale. Howard v. North, 5 Tex.; Sydnor v. Roberts, 13 Tex. The return on the execution and the deed made to the plaintiff by the sheriff both show that the sale was made on the first Tuesday in November, 1884, and that being a holiday under the statute (R. S., art. 2835), appellant objected to both instruments on that ground, and the objection was overruled. This action of the court is assigned as error. Article 1184 of the Revised Statutes provides that, "no civil suit shall be commenced, nor shall any civil process be issued or served on Sunday, *or any legal holiday*, except in case of injunction, attachment or sequestration." This article is in the chapter on the commencement of suits, and the prohibition contained in it against the issuance and service of process on holidays was intended to be confined to such process as may be required in the commencement of a suit, except in cases of injunction, attachment and sequestration. Sunday is at common law a *dies non juridicus*, and hence the issuance and service of process on that day is invalid, independent of statute. As to Sunday the statute declares the common law, and by the exception, modifies it. Holidays, on the other hand, have only the sanctity attached to them by statute. The public offices *may* be closed, and as to commercial paper the holiday *shall* be treated as Sunday. R. S., art. 2835. The courts may hold and all business may be transacted, except what is positively forbidden. H., E. & W. T. R'y Co. v. W. O. Harding, 63 Tex., 162. The words, "any civil process," in article 1184, are broad enough to cover executions, but the chapter

limits the language to such process as pertains to the commencement of suits. No such prohibition is found in the chapter on executions, nor in that on legal holidays, and the objection to the execution and sheriff's deed on the ground that they showed the sale was made on a legal holiday was properly overruled.

These difficulties being removed, we come now to the real merits of the controversy between appellant and appellee. The appellant claims that no title passed by the execution sale of his interest in the land. He acquired no interest in the land until his mother's death, and hence until then could have no homestead right in it. He was not occupying any part of the tract when he inherited an interest in it. He swears, however, that it was his purpose to make his home upon the land, and if after he acquired a right in it he manifested this intent, his interest would be protected from forced sale. If he had been living upon the tract at the time of his mother's death, remaining there would of itself have been an appropriation of his part of it for homestead purposes. Not thus appropriating it to the protecting use, he must illustrate his purpose to consecrate it to this use by acts fairly indicating his intent. The acts in the record, for which this effect is claimed, were all done before his mother's death. Before her death he had left upon the place his horses, cattle, chickens and corn; they simply remained there after her death; before her death he obtained his firewood from the land, and went back and forth looking after his stock; after her death he merely continued the same course. Until his mother's death, his intent to return to the land, however manifest and notorious, could not be a destination of it as his homestead, as he had no interest by such use to protect from forced sale. After he acquired such interest, no definitely new intent to make the land his home would be required, but the old intent, now capable of effect upon the new interest, to take effect must be manifested by acts. The court below determined that the acts proved were not sufficient for this purpose. We may have reached a different conclusion, but that expressed in the judgment is not so clearly wrong as to warrant us to disturb it. If the proof had shown that in leaving his stock and corn on the land, appellant retained possession of any part of the premises, the result in the court below would doubtless have been different.

Appellant also complains that more land was divided between the plaintiff and the intervenors than was in controversy. The land in controversy was the "Crabtree place," the farm owned by Mrs. Crabtree up to the time of her death. The tract of 680 acres seems to have been partitioned between Mrs. Crabtree and her four children

in 1857, and the land in controversy was allotted to Mrs. Crabtree. If there was a mistake in the partition, by which she got more than her share, still what she got was the land in controversy, and by agreeing that she was the common source of title, the appellant is precluded from claiming any interest in the land not derived from her.

There is no error in the judgment and it is therefore affirmed.

AFFIRMED.

[Opinion delivered November 17, 1885.]