John P. Cox et al. v. W. H. Trent.

No. 731.

1. Pleadings — Legal Holiday.— Objection that the suit was filed on a legal holiday can be taken only by special exception, promptly made and urged. A general demurrer is not sufficient.

2. Evidence — Fraudulent Transfer.— When a failing debtor sells out to his own employe, and fraud is alleged, the fullest latitude of proof should be allowed other creditors in showing the fraud. Every relevant circumstance should go to the jury for what it is worth.

3. Transfer of Occupation Tax License.— It would seem that where an occupation tax license has been sold by the party to whom it was issued. a right therein may pass to the vendee, although the transfer may not have been entered. as provided by statute, on the books of the officer who issued it.

4. Same.—See opinion for case where special pleadings would be necessary to enable the vendee of such license to recover damages for being deprived of it by an attachment.

Appeal from the County Court of Hill. Tried below before Hon. J. G. Abney.

*B. D. Tarlton*, *B. P. Hyers* and *W. C. Morrow*, for appellants.—1. A civil suit, such as this, can not be filed on a legal holiday. The filing by the clerk and the endorsement by him is a necessary circumstance attending the commencement of the suit, and the petition in this suit (where no extraordinary process is prayed for), which shows by its file mark that it was instituted on a legal holiday, was subject to general exception. Sayles' Civ. Stats., arts. 1182, 1184, 2835; Sayles' Plead., art. 39; 1 Ct. App. C. C., secs. 874–878.

2. The said bill of sale and testimony of the witness Trent were inadmissible to prove the transfer of a retail liquor dealer's license, unless it was shown that the transfer of same had been made on the books of the officer who issued it. Sayles' Civ. Stats., art. 4668; Dark v. Jamison, 55 Pa. St., 164.

3. The letter was admissible, as tending to contradict the witness Trent on a material issue in the case, as evidence of fraud, as charged in defendants' pleading, and as an admission by plaintiff of a material fact relied on by defendants, viz., that Benton was not indebted to plaintiff for clerk hire. Tuttle v. Turner, 28 Texas, 759; 1 Greenl. Ev., sec. 113; 1 Story Agency, secs. 134–137; Reitenback v. Reitenback, 1 Rawle, 362; Crary v. Sprague, 2 Wend., 41.

*McKinnon & Carlton*, for appellee.—1. The court did not err in overruling the general demurrer, because the fact of the petition being filed on a legal holiday could not be reached by general demurrer; and the demurrer must be considered waived, because not presented at first term of court when case was called, nor passed by agreement. Railway v. Harding, 63 Texas, 162; Sayles' Plead., sec. 39, rule 25; Sayles' Plead., 627.

2. The license had a value, and as between Trent and Benton the sale was concluded and the purchase price paid, and the effect of the statute cited would simply prevent Trent from pursuing the occupation until the transfer was made on the books. As to this, appellants can not complain.

3. The letters were subsequently admitted by the court for the purpose of tending to contradict Etchison. They were not admissible for any other purpose. Scoby v. Sweatt, 28 Texas, 713; Page v. Arnim, 29 Texas, 54; Mayer v. Ramsey, 46 Texas, 371.

4. The irregularity of filing a petition on a legal holiday will be considered as waived if not objected to by a plea in abatement. McDonald v. Blount, 2 Ct. App. C C., sec. 344; Railway v. Harding, 63 Texas, 162; Sayles' Plead., sec. 38.

STEPHENS, ASSOCIATE JUSTICE.—This suit was instituted by W. H. Trent against Casey & Swasey, as attaching creditors of G. W. Benton, and against John P. Cox, the officer who executed the attachment by seizing and selling the stock in trade of a small retail liquor store in Hill

County. Trent's title depended upon the validity of a transfer made to him by said Benton, through his manager, J. F. Etchison, made only a few days before the attachment was levied, December 28, 1888. Appellants attacked this conveyance for fraud. Trent had been clerking for Etchison or Benton for about thirteen months, as he testified, before he made the purchase, and claimed that the consideration was wages due him for that period of time at the rate of $40 per month, and also some money loaned during that time and partly used in the business. He filed his suit on the first day of January, 1889, and in addition to the value of the goods converted, claimed damages for the conversion of the unexpired occupation tax license, which he claimed was also sold to him as a part of the saloon assets.

Much stress is laid in the briefs of counsel on the point that the suit was filed on a legal holiday. This objection appellants seek to avail themselves of under a general demurrer and motion in arrest of judgment; but this, in our opinion, they can not do. Nothing short of a special exception, promptly made and urged, will reach such a defect. Williams & Co. v. Verne, 68 Texas, 414.

The seventh, eighth, and ninth assignments of error relate to the exclusion of certain letters and other evidence tending to show, slightly though it may be, that the conveyance of the property in question was not made in entire good faith in consideration of a debt of unquestioned validity. These letters were written by appellee in the name of and for Etchison, as the manager of the saloon, to Casey & Swasey, in October, 1887, and March, 1888, and tended to show that the debt which appellee claims was then accruing, and afterward became the consideration for the transfer, was in fact not accruing, or, if accruing, that its existence was thereby attempted to be concealed from Casey & Swasey in order to obtain an extension and increase of credit. It seems clear to us that this testimony was admissible on the issue of fraud, and that these assignments are well taken. In transactions of this kind, where the failing debtor sells out to his hireling, and fraud is alleged, the fullest latitude of proof should be allowed. Every relevant circumstance of a feather's weight should go to the jury for what it is worth.

The sixth assignment complains of the admission in evidence of the bill of sale under which appellee deraigns title, for the purpose of showing thereby a transfer of the occupation tax license, on the ground that the statute provides for the transfer on the books of the officer who issued it. We are not prepared to say that appellants could insist that no right passed by the voluntary act of the parties without a compliance with the formalities prescribed by law. We are, however, of opinion that appellee was not entitled to recover of appellants the value of the license on account of the alleged conversion thereof by its seizure and sale under

attachment. The law inhibits a second transfer. If, therefore, the title passed by the bill of sale, appellee was not deprived of his title by the sale under attachment. If no title passed by the bill of sale, appellee lost nothing by the seizure and sale of the license. Then, in the absence of allegation and proof of damages resulting specially from the seizure of the stock of goods and consequent interruption of the business, we are of opinion that the value of the license should not be submitted to the jury as the measure of damages for the alleged conversion thereof.

The other assignments of error are not well taken.

For the errors above indicated, the judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered December 20, 1892.

Chief Justice TARLTON did not sit in this case.