HANOVER FIRE INSURANCE COMPANY V. SHRADER & ROGERS.

Application No. 815.—Decided December 9, 1895.

1. **Application for Writ of Error—Filing on Sunday.**

An application for a writ of error may be lawfully filed on Sunday; but it seems the clerk would not be bound to file such petition on Sunday.   (P. 41.)

2. **Filing Application—What Constitutes.**

Where a paper is deposited with the clerk of a court for the purpose of making it a part of the record in the case, it is filed.   (P. 42.)

3. **Same.**

Petition for writ of error was received by the clerk on Sunday, November 17, 1895, and was filed Monday, November 18.   The 17th was the 30th day after motion for rehearing had been overruled by the Court of Civil Appeals.   Held, the filing on Monday was too late:   Sundays must be counted in the days within which the petition must be filed.   The clerk having received the petition on Sunday and within the thirty days, it was, in fact, filed, and this court has jurisdiction of the case.   (P. 40.)

APPLICATION for writ of error to Court of Civil Appeals for Second District, in an appeal from Hardeman County.

*Morgan & Thompson,* for application.

GAINES, CHIEF JUSTICE.—In this case the motion for a rehearing was overruled in the Court of Civil Appeals on the 18th day of October,

1895, and on the 17th day of November the application for a writ of error was delivered to the clerk of that court, who noted upon it the fact and date of its delivery, retained it in his custody and marked it "filed" on the 18th. The 17th of November was the thirtieth day after the motion for a rehearing was overruled, and was Sunday. The parties adversely interested in the proceeding have met the application in limine by presenting a motion to dismiss. If the application was not filed in time, it is the duty of the court to dismiss it without a motion. The precise question presented has not been passed upon in this court, and we therefore invite written arguments or citations of authorities from counsel for the respective parties, upon the point or points presented. Was the filing on Monday, the 18th, too late? If so, was the delivery to the clerk on the Sunday, the 17th, of any effect? The clerk will notify counsel, and action upon the application will be suspended until the 3d day of December next.

Delivered November 21, 1895.

*B. P. Eubank,* for motion to dismiss.—In compliance with the invitation of the Supreme Court, counsel for defendants, in application for writ of error, submit the following written argument to sustain the contention that the application for the writ of error should be dismissed, because "in this cause the motion for rehearing was overruled in the Court of Civil Appeals on the 18th day of October, 1895, and on the 17th day of November, 1895, the application for a writ of error was delivered to the clerk of that court, who noted on it the fact and date of its delivery, retained it in his custody and marked it filed on the 18th day of November, 1895. The 17th day of November, 1895, was the 30th day after the motion for rehearing was overruled and was Sunday."

Was the filing on Monday, the 18th, too late? Article 1011b, as amended in Acts 24th Legislature (1895), page 144, on point at issue, is as follows: "The petition shall be filed with the clerk of the Court of Civil Appeals within 30 days from the overruling of the motion for rehearing, thereupon the clerk of the Court of Civil Appeals shall note upon his record the filing of said application and shall forward to the clerk of the Supreme Court the said application," etc. Now, the law is that the filing of the application must be within thirty days from the overruling of the motion. The 18th day was the thirty-first day not within thirty days, and therefore plainly too late. Burr v. Lewis, 6 Texas, 76.

If so, was the delivery to the clerk on Sunday, the 17th, of any effect? This presents a more serious question. In Burr v. Lewis, 6 Texas, 76, our Supreme Court held, when a statute directs that an act shall be done within a certain number of days, Sunday cannot be excluded, although it should be the last day and the bond was filed on Monday. The court (6 Texas, 83) says: "This precise question was decided by the Supreme Court of New York, in the case of ex parte Dodge (7 Cow., 147), which held: 'Sunday has in no case, we believe, been excluded in the computa-

tion of the statute time.' In Massachusetts, where they have a statute that the lien created by an attachment shall continue for thirty days after the rendition of the judgment, it has been decided that 'when the thirtieth day after the rendition of the judgment falls on Sunday, the lien on attached property is not therefore extended to Monday,'"—4 Pick., 354. The same court decided that "when the time limited for a particular purpose by a statute must necessarily include one or more Sundays they are to be included in the enumeration."—4 Pick., 354. We think that, if the application for a writ of error was not properly filed within thirty days from the day of overruling motion for a rehearing, the jurisdiction of the Supreme Court could not attach in any event. Leyell v. Guadelupe County, 28 Texas, 58; 28 Texas, 91; 29 Texas, 127; 6 Texas, 76. At common law Sunday is a dies non juridicus, and on that day no civil business can be transacted in court or public offices, except when specially authorized by statute. Crabtree v. Whitesell, 65 Texas, 111. Art. 1184, Rev. Stats., inhibits filing of suit or issuing process of any kind, except suits of injunction, attachment or sequestration. Therefore, we conclude that the mere presentation of a petition to the clerk on Sunday will not stop limitation, and will not operate as a filing of same on said day. Plaintiff in error has slept on its rights. The petition was filed too late and the Supreme Court, we humbly submit, has obtained no jurisdiction in the cause. In construing a statute we look to the legislative intent and the error attempted to be corrected in the amended law. The law, as originally enacted by the special session 22d Legislature (1892), placed no limit on time to apply for writ of error. The present law cured this defect. The Legislature did not extend the time in its last enactment, but curtailed it. Their intent was that there must be a speedy termination of litigation. We conclude the writ of error must be legally applied for within thirty days.

*Morgan & Thompson,* on motion to dismiss petition for writ of error.

"Was the filing on Monday, the 18th, too late? If so, was the delivery to the clerk on Sunday, the 17th, of any effect?" The Statute (act of May 6, 1895, General Laws, 24th Legislature, page 144) reads: "The petition shall be filed with the clerk of the Court of Civil Appeals within thirty days from the overruling of the motion for rehearing." If the thirtieth day happens to fall on Sunday, is that day to be considered as the thirtieth, or is it to be regarded as a "dies non," and the next day, Monday, to be counted as the thirtieth day? This we understand to be the purport of the question, "was the filing on Monday, the 18th, too late?" The better rule of construction, as we gather from the authorities, is that, when a statute prescribes that an act may be done within a given time, if one or more Sundays occur within the time they are all to be counted, unless the last day falls on Sunday, in which case that Sunday is not counted and the act may be done on the next day. Goswiler's Appeal, 3 Penrose & Watts (Pa.), 200; Edmundson v. Wragg, 104

Pa. St., 500; English v. Williamson, 34 Kan., 212, and cases there cited. In many states the question is settled by statute, and wherever so settled the rule of construction is as above stated. The contrary doctrine appears to have been followed in Burr v. Lewis, 6 Texas, 76. But there is no reason why the rule which prevailed in that case should be still adhered to, if a different rule should now appear to be the better. That case was decided upon the authority of ex parte Dodge, 7 Cowen, 147, because no case holding otherwise had been shown. But there are cases holding otherwise, viz: those herein above cited, as well as others to which we have citations, but which are not cited herein because we have not had an opportunity of examining them, and the case of ex parte Dodge, upon which, in the absence of other authorities, our court in Burr v. Lewis relied, does not appear to have been a well-considered case. Not a single authority is cited either in the opinion or in the brief of counsel whose views were adopted by the court. The opinion is very brief, not more than two or three lines, and it does not seem to us that the court had very clearly in mind the distinction between intervening Sundays and a Sunday which might happen to be the last day of the prescribed period. In the subsequent case of Porter v. Pierce, 120 N. Y., 217, while ex parte Dodge is not expressly overruled, the court did not follow the rule therein laid down. In matters of contract, the rule of construction is that, while intervening Sundays are counted, if the last day for the performance of the act happens to fall on Sunday the act may be performed on the next day, Monday, the reasoning being that otherwise the party would be deprived of the full period of time to which under his contract he is entitled. Hirshfield v. Bank, 83 Texas, 452; Hammon v. Life Ins. Co., 10 Gray, 306.

It is conceded by all that the rule for which we are contending is correct when construing the language of a contract or of a rule of court; but it seems to be thought by some that a different rule should be followed when construing the language of a statute. We must confess that we are unable to discover any sound reason for such a distinction. If anything, a statute ought, above all, to be so construed as to obviate the necessity of Sunday work of any kind. It may be argued that the rule we contend for would extend the time which the statute prescribes; but, on the other hand, the opposite rule would, in many instances, deprive a party of the full period to which under the statute he is entitled. Why should a rule of construction which limits a man to twenty-nine days be preferable to one which gives him thirty-one days? Courts usually adopt a construction, if they can consistently, which will enlarge rather than curtail the time within which an act must be done to preserve a right or prevent a forfeiture. There is no sound reason why a different rule should prevail in construing the meaning of the same language, whether it occurs in a contract, a rule of court, or a statute. And we respectfully submit that if the court adopts the rule of construction which we announced at the outset it will be in accord, not only with authority, but with the religious sentiment and social habits and customs

of our people as we all know them to exist and as has been universally expressed in their legislation whenever they have by statute undertaken to lay down a rule of construction for such cases.

But concede, for the sake of argument, that the court should feel constrained to follow the rule adopted in Burr v. Lewis, supra: the question then occurs, was the delivery to the clerk on Sunday, the 17th, of any effect? The 17th of November was the thirtieth day after the motion for rehearing was overruled and was Sunday. On the 17th day of November the application for a writ of error was delivered to the clerk of the Court of Civil Appeals, who noted upon it the fact and date of its delivery, retained it in his custody and marked it "filed" on the 18th. This, we respectfully submit, was a valid filing within the time prescribed by statute, even if it be held that the time for filing did not embrace Monday, the 18th of November. Holman v. Chevaillier, 14 Texas, 339; Hammock v. May, 38 Texas, 196. The petition for writ of error was delivered to the clerk for the purpose of being filed on the 17th of November, and the clerk noted upon it the fact and date of its delivery, retained it in his custody and marked it "filed" on the 18th of November. This was clearly a "filing," within the meaning of the statute, on the 17th of November, unless, by reason of that day being Sunday, the acts of all parties to the transaction were thereby null and void. At the common law, while all judicial acts done on Sunday were void, merely ministerial acts were valid. Johnson v. Day, 17 Pick., 109. It has accordingly been held:—that an appeal perfected on Sunday by giving bond signed and sworn to before a notary public on that day and filed by the clerk on the same day was good; State of Nevada v. California Mining Co., 13 Nev., 212; that taking a recognizance in a criminal case on Sunday was valid; Johnston v. People, 31 Ill., 472-3; State v. Douglas, 69 Ind., 544; that accepting a levy or surety from a debtor under arrest was valid; King v. Strain, 6 Blackford (Ind.), 447; and that taking the acknowledgment of a married woman on Sunday to a deed executed by her was valid; Lucas v. Larkin, 85 Tenn., 355. While, therefore, it may be questionable whether the clerk could have been compelled to receive the paper into his custody on Sunday, nevertheless, having done so, his act is as valid as if it had been received on any other day unless there is some statute to the contrary. Being a mere ministerial act, it was not invalid at common law. Art. 1184 of the Revised Statutes read: "No civil suit shall be commenced, nor shall any process be issued or served on Sunday, or on any legal holiday, except in case of injunction, attachment, or sequestration." This, it has been held, applies only to such process as pertains to the commencement of suits, and does not apply to executions or other process subsequent to the commencement of the suit. Crabtree v. Whiteselle, 65 Texas, 111. And it has been further held that when a suit was begun in violation of that statute, it was not a nullity, and unless promptly and specially excepted to would be regarded as waived. Williams v. Verne, 68 Texas, 414; Cox v. Trent, 1 Texas Civ. App., 639. But filing a petition for writ of error is neither commencing

a civil suit, nor is it the issuance or service of process of any kind; and so far as we are advised there is no other statute of this State prohibiting in terms the doing of anything in a suit. Articles 183 and 184 of the Revised Penal Code (secs. 288 and 290, of Willson's Criminal Statutes) prohibits the doing of certain things on Sunday under penalty of a fine of not less than ten nor more than fifty dollars. If the act of the clerk in receiving this paper which had been mailed to him on the previous Saturday was in violation of this statute, we can hardly believe that the effect thereof would be to render the whole thing a nullity. But really we do not believe that any court would hold this to be a violation of the statute; if it is, our county attorneys can reap a rich harvest every Sunday morning at any postoffice in the land. But, no matter how or under what circumstances the paper was delivered to the clerk on Sunday, if the construction is to prevail that filing it on Monday would be too late, then the filing of it on Sunday was a work of necessity within the meaning of the penal statute above referred to, and is therefore not obnoxious to that statute. Hennersdorf v. State, 25 Texas Ct. App., 597; Nelson v. State, 25 Texas Ct. App., 599.

GAINES, CHIEF JUSTICE.—Counsel for the respective parties in this case, in response to the request of the court made at a former day of this term, have filed written arguments upon the questions to which their attention was then called, and have materially diminished the labors of the court.

Upon the first question our conclusion is that Sunday, although the thirtieth day from that on which the motion for a rehearing was overruled by the Court of Civil Appeals, can not be excluded from the computation. Such is the general rule, although there are some conflicting decisions. It was adopted by this court, after a careful consideration, in Burr v. Lewis, 6 Texas, 76; and we have found no case in this court which modifies that decision. Where the time allowed for doing an act is very short it is usual to exclude a Sunday. The principle would seem to be that, when but a few days are allowed in which to do the act, it is not to be presumed the Legislature intended further to abbreviate it, in effect, by including a day ordinarily observed as a day of cessation from all ordinary business. For example, where two days are designated it is not reasonable to hold that it was the purpose to include a Sunday, when the practical effect of the ruling would be to reduce the time to one day only. But where weeks are included in the time allowed the reason does not apply.

Sunday at common law is dies non juridicus. (Swan v. Broome, 1 W. Bl., 496 and 526.) When the point was first raised in the case cited, Lord Mansfield was evidently in great doubt whether a court could not render a valid judgment upon a Sunday, but after full consideration the question was resolved in the negative. That a judgment rendered on that day is void, may now be regarded as settled law. It was so held by the Court of Appeals in Shearman v. State, 1 Texas Ct. App., 215.

But it was also recognized that, while a judgment could not be pronounced, a verdict might be returned on Sunday. (See also Hoghtaling v. Osborne, 15 John., 118.) A distinction is made between judicial acts and those of a ministerial character, and it seems to be generally held that in the absence of a statute ministerial acts performed on Sunday are valid. The service of process on Sunday was forbidden by the statute of 29 Charles II., and we think that the English cases which hold the ministerial acts of officers of the court void because performed on Sunday are referable to that act. Expressions of opinions may be found in the books to the effect that the statute was merely declaratory of the common law. Early decisions of the courts of Westminster hold to the contrary. (Mackalley's case, 9 Coke, 66b; Bedoe v. Alpe, Sir W. Jones, 156; Swan v. Broome, supra; see also Sayles v. Smith, 12 Wend., 59.) But we have not found it necessary to determine that question.

In 1846 our Legislature provided that "No civil suit shall be instituted, nor shall any process be had on Sundays, except in cases of attachment or sequestration." Pasch. Dig., art. 1424. The substance of this provision is found in article 1184 of the Revised Statutes, which reads as follows: "No civil suit shall be commenced, nor shall any process be issued or served on Sunday or any legal holiday, except in cases of injunction, attachment, or sequestration." The prohibition against the filing of a petition (which is the commencement of a suit under our law), and against the issue and service of process, clearly implies that the filing of papers during the progress of the suit was to be allowed. (See Railway v. Harding, 63 Texas, 162; Crabtree v. Whiteselle, 65 Texas, 111.) The statute does not refer to judicial acts, and they are left as at common law. The filing of an application for a writ of error in the Court of Civil Appeals is the continuation of a suit and not its commencement. In Bedoe v. Alpe, cited above, the information was filed on a Sunday and it was held that the filing was valid. We conclude from these considerations that an application for a writ of error may be lawfully filed on a Sunday; but do not hold that the clerk is bound to do an official act of that character on that day. We think he may lawfully refuse to act when a paper is tendered to him to be placed upon the file; but that if he does act, his act is valid. Sunday being regarded by our people generally as a day of rest, and by many as a day of religious observance, in our opinion, save in exceptional cases, the officers of the court are not required to perform any official functions on such a day, and it is their privilege to refuse their performance should they elect to do so. We may imagine cases in which it may be proper to hold that a ministerial duty, performed on a Sunday, would be voidable if not void,—such, for example, as a sale by a sheriff of personal property under judicial process. But should it be so held in regard to such a sale, we think the ruling would rest upon the ground that it would be unjust to the defendant in execution that his property should be sold on a day which is usually devoted to a cessation of business and on which the

conscientious scruples of many persons would forbid their attendance upon and bidding at the sale. (But see Sayles v. Smith, supra.)

It follows from what we have said, that we think the file mark put upon the paper on Monday was too late; and it remains therefore to consider the effect of the clerk's endorsement as to its receipt upon Sunday. The just inference from the endorsement is that the application was delivered to the clerk for the purpose of filing it, and that the clerk received it, but being doubtful as to his power to place it upon the file upon that day, noted the fact and date of its receipt, and marked it filed upon the next day. Where a paper is deposited with the clerk of a court for the purpose of making it a part of the records in the case it is filed. The evidence which is looked to by the court in determining whether the paper has been filed or not is the clerk's endorsement of the fact upon the paper itself. The form of that endorsement is usually the word "filed," with the date. We think, however, if the endorsement shows the fact in other words it is sufficient.

We conclude that the application was lawfully filed on Sunday, and that the clerk's endorsement is evidence of the fact of its filing, and therefore that we have jurisdiction of the application; but having examined it we also conclude that it shows no error, and it is therefore refused.

*Writ of error refused.*