

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~
ATTORNEY GENERAL

Honorable Ed Gunn
Criminal District Attorney
Milam County
Cameron, Texas

Dear Sir:

Opinion No. O-4815
Re: Legality of issuance of tax
receipts on Sunday, and related
matters.

Your letter of January 1, 1943, requesting the opinion
of this department reads as follows:

"You will note the questions in writing from
the Tax Collector of Milam County, and my answer
in writing, giving my opinion on same.

"Please give me your opinion on the questions
for the benefit of the Tax Collector."

The letter of the Tax Assessor-Collector presenting the
questions on which you desire our opinion reads in part as
follows:

"The law gives Tax-payers up to, and including
January 31st of the following year for which taxes
are assessed, to pay their State, County, and Voting
Poll Tax Receipts, without penalty.

"January 31st, 1943 falls on Sunday. In this
case, in your opinion, will it be legal to issue Tax
receipts and voting Poll Tax receipts on Sunday,
January 31st, or will it be legal to issue 1942 Tax
receipts without penalty and 1942 Voting Poll Tax
receipts on Feb. 1st, 1943?

". . . . . ."

Under our statutes, taxes paid on or before January 31st
of the next succeeding year, for which they were assessed are not
delinquent. In other words property taxes do not become delin-
quent until after the 31st day of January following the year in

which they are due.  (Houston Oil Company of Texas v. Howard, 256 S.W. 340.)

Chapter 2, Title 7 of Vernon's Annotated Penal Code contains the statutes commonly referred to as the Sunday laws. Under these statutes certain labor done on Sunday is a criminal offense.  After carefully considering these statutes it is our opinion that they do not prohibit an officer from performing his official duties on Sunday.

We quote from Texas Jurisprudence, Volume 39, page 877 as follows:

"At common law, Sunday is dies non juridicus (a non juridical day); and it was stated in an early case that no judicial function can lawfully be exercised on Sunday.  The statute declares that no civil suit shall be commenced nor process issued or served on Sunday except in cases of injunction, attachment, garnishment, sequestration, or distress proceedings.  The act formerly contained the same prohibition with respect to legal holidays.

" . . . . . . . .

"Neither the Constitution nor the civil statutes lay any restrictions upon the Governor nor upon any of the heads of the state departments with respect to Sundays or legal holidays; all public officers may keep their offices open on Sundays and holidays, and perform all ministerial duties; but it is their privilege to refuse to function on those days, if they elect."

We quote from the case of Stephens v. Porter, 69 S.W. 423, as follows:

" . . . There is no law in Texas prohibiting the commissioner of the general land office from holding his office open on Sunday or any legal holiday, or from performing official acts on those days.  Neither our constitution nor our civil statutes lay any such restrictions upon the governor nor upon any of the heads of the state departments, probably because it might sometimes be necessary for them to perform their official functions on those days.  Our criminal statute (Pen. Code 1895, art. 196) provides that any person who shall 'labor on Sunday' shall be fined,

etc. 'Labor' is defined as follows: 'To exert
muscular strength; to exert one's strength with
painful effort, particularly in servile occupations,
to work; to toil.' Webst. Int. Dict. 821. The
term as used in the criminal statutes does not
apply to an officer engaged in the performance of
his official duties. The common law did not prohibit
officers from doing ministerial acts on Sunday nor
on holidays. It declared that Sunday was dies non
juridicus, not a judicial or court day, but our
statute (Rev. St. 1895, art. 1180) has modified the
common law by simply declaring that 'no civil suit
shall be commenced, nor shall any civil process be
issued or served on Sunday, or any legal holiday,
except in cases of injunction, attachment or seques-
tration'. This exception operates as modification
of that law, according to a wellknown rule of con-
struction. Under this statute it has been held
that a sale under execution and sheriff's deed
made on a legal holiday was valid. Crabtree v.
Whiteselle, 65 Tex. 111. See, also, Railway Co. v.
Harding, 63 Tex. 162, where it was held proper and
valid for a district court to try a cause on a legal
holiday. In Insurance Co. V. Shrader, 89 Tex. 35,
32 S.W. 872, 33 S.W. 112, 30 L.R.A. 498, 59 Am.
St. Rep. 25, it was held by our supreme court that
an application for writ of error received by the
clerk of this court on Sunday, and so indorsed,
but not filed until Monday, must be considered as
filed on Sunday and valid. The reasoning of our
supreme court in the three cases cited leaves no
doubt in our minds that the application of Porter
to purchase section 58 in this case was not void
by reason of its being received and filed in the
general land office on Sunday, but was as valid in
all respects as if received and filed on any other
day in the week."

Under the Texas statutes every person subject to pay a
poll tax must pay said poll tax before the 1st day of February
next preceding the election in which they desire to vote. Article
2968, Vernon's Annotated Civil Statutes places a mandatory duty
upon the Tax Assessor-Collector to stamp on the face of any poll
tax receipt issued after January 31st of any year the words "Holder
Not Entitled To Vote". Certainly this provision would be violated
where the Tax Assessor-Collector issued a poll tax receipt after
January 31st without the notation thereon as prescribed by said
statute.

In view of the foregoing you are respectfully advised that it is the opinion of this department that a poll tax receipt bearing the date of January 31, 1943, would entitle the holder thereof to vote, if not otherwise disqualified, even though it was issued on Sunday. You are further advised that a poll tax receipt issued on Monday, February 1, 1943, must be stamped by the Tax Assessor-Collector "Holder Not Entitled To Vote", and that the holder thereof is not entitled to vote.

With reference to property tax receipts you are advised that the Tax Assessor-Collector can legally collect property tax on or before January 31st, 1943, and issue his receipt therefor without penalty. In other words property taxes are not delinquent until after January 31, 1943, that is property taxes for the preceding year. On February 1, 1943, property taxes that are unpaid become delinquent and the Assessor-Collector of taxes is not authorized to collect said taxes and issue a receipt therefor without the penalties, etc., as prescribed by statute.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Ardell Williams
Ardell Williams
Assistant

AW:mp:wc

APPROVED JAN. 9, 1943
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/GWB Chairman