J. D. PATTERSON v. J. J. TERRELL, COMMISSIONER OF THE GENERAL LAND OFFICE, ET AL.

No. 1199.   Decided May 11, 1903.

**1.—Public Lands—Lease—Expiration of Term.**

In the absence of evidence indicating a different intention, a lease of school land for five years from April 16, 1897, expired at midnight, April 16, 1902. (P. 511.)

**2.—Same—Application to Purchase Before Expiration.**

An applicant to purchase school land, complying with the law, was entitled to an award thereof, though there was a valid lease not expiring until midnight of the day his application was filed, where no rights of other applicants were in question, without refiling his application after the expiration of the lease.   Hazelwood v. Rogan, 95 Texas, 295, and Steward v. Wagley, 68 S. W. Rep., 297, followed, and Gracey v. Hendrix, 93 Texas, 26, explained as not in conflict.   (Pp. 509-512.)

Original application for writ of mandamus from the Supreme Court to the Commissioner of the General Land Office.   T. B. Van Tuyl, a subsequent applicant to purchase the land, was also made a respondent.

*Ashby S. James, E. H. Yeiser,* and *C. R. Kinchen,* for relator.

*C. K. Bell,* Attorney-General, and *T. S. Reese,* Assistant Attorney-General, for respondent Terrell.

*Camp & Caldwell,* also for respondent.

BROWN, ASSOCIATE JUSTICE.—Relator Patterson commenced this action in this court, seeking a mandamus against the respondent to require him to accept the application of relator for section 582 described in the petition.   The facts, briefly stated, are that on April 16, 1902, the relator, being a citizen of Scurry County over 21 years of age, was an actual settler residing upon the southwest quarter of section No. 517, block No. 97, Houston & Texas Central Railway Company, public school

land, situated in Scurry County, which had been awarded to the relator. by the Commissioner of the General Land Office upon application regularly made and upon compliance with the law in all particulars. The relator's contract with the State for the purchase of the said land was in good standing in the General Land Office. Section No. 582, block No. 97, Houston & Texas Central Railway Company, public free school land, situated within a radius of five miles of the said quarter section No. 517, had been duly classified by the Commissioner as dry grazing land and appraised at $1.25 per acre. On the 16th day of April, 1902, relator made application to the Commissioner of the General Land Office to purchase said section No. 582 as additional land to his home section, filing his application and obligation, and deposited the one-fortieth part of the price with the clerk of the county of Borden, complying in all respects with the requirements of the statute. The clerk of the said county forwarded the application and obligation to the Commissioner of the General Land Office and the money to the Treasurer of the State. The application was received in the Land Office on the 23d day of said month, and on the 28th day of the same month the Commissioner of the General Land Office rejected the application, assigning as a reason that "the said section was at the time under a valid lease to John B. Slaughter."

On May 29, 1897, the Commissioner of the General Land Office leased section No. 582, with other lands, to Clarence Sears, for five years from the 16th day of the preceding April. Sears transferred the lease to John B. Slaughter, who, on the 23d day of March, 1900, made application to the Commissioner of the General Land Office to cancel the said lease and to execute to him a new lease including that section and other lands. The Commissioner accepted the application and executed a new lease to Slaughter on the 24th day of March, 1900, for a period of seven years from the 23d day of that month. The old lease was not canceled by writing filed in the papers, but was treated as a canceled lease and Slaughter paid rent for the land regularly under the new lease until some date not given in the pleading, when the Commissioner of the General Land Office canceled the new lease because he considered it void under a decision of the Supreme Court and reinstated the first lease, applying the money paid for the rent under the new lease to the satisfaction of the rent due under the old. Since the decision made in Hazlewood v. Rogan, the Commissioner of the General Land Office has ruled and held that the day on which the lease took effect is to be excluded in computing the time for which it will run, that is, the old lease in this case expired at 12 o'clock at night, April 16, 1902.

Relator contends: First, that the lease made to Sears was annulled by the action of Slaughter and the Commissioner when the new lease was made, and that the last lease being void, the land was subject to purchase by him. Second, that the lease to Sears expired at 12 o'clock at night on April 15, 1902, and his application was made in time on the 16th day of that month. Third, that there being no intervening rights

between the filing of his application in the office of the clerk of Borden County and its reception in the General Land Office, he was entitled to an award of the land to him because the land was then upon the market for sale and the Commissioner had the power to sell it upon that application.

If the relator acquired by his application and compliance with the law such right in section No. 582 as would entitle him to have the Commissioner of the General Land Office accept the application, then the mandamus must be issued in this case, without regard to the other questions that are raised.

There is nothing in this case to indicate that the Commissioner of the General Land Office and Sears had any specific intention as to the time the lease would expire, hence under the general rule of law that the day of the execution of the lease must be excluded, the lease terminated at midnight of the 16th of April, 1902. Burr v. Lewis, 6 Texas, 81.

In Hazlewood v. Rogan, 95 Texas, 295, the facts were very similar to this case except that the Commissioner accepted the application and awarded the land to Hazlewood, but at a subsequent time set aside the award and sold the land to another. Hazlewood sought a writ of mandamus to compel the Commissioner of the General Land Office to reinstate the contract. Hazlewood's applicaton, as in this case, was filed on the day the lease expired, and the question was made that the lease did not expire until midnight of the day on which the application was filed, but this court found it unnecessary to decide that question, because after the lease had expired the Commissioner had authority to accept the application, and having accepted it, a right vested which he could not afterwards set aside. In discussing the question, Chief Justice Gaines used the following language which is applicable to the present case: "But let us admit that he erred in so holding, and let us suppose that he considered that the lease was not then terminated. Was it his duty to reject the applications on this ground merely and to require new applications to be filed? Would such a requirement have accomplished anything more than the going through an empty form? He had the relator's obligation, the cash payments had been made, and the applicant had filed his affidavit as required by the law. The Constitution requires the Legislature to provide for the sale of the school lands, and the policy of our legislation has been to promote such sales, and, with a view to populate the unsettled districts of the State, to favor those purchasers who had already settled upon and purchased a section or part of section of the lands, as well as those who seek to acquire the lands for the purpose of making their homes upon them. It comports neither with the spirit nor policy of this legislation to throw around settlers applying to purchase unnecessary and improvident restrictions. We are therefore of the opinion that since the lands had been awarded to the relator before any superior intervening rights had attached, the award should not have been set aside for the mere irregularity in making the application on the day before the lease expired, if in fact it had not expired."

The lease made to Sears having expired before the application was presented to the Commissioner of the General Land Office, he had authority to accept the application. There was no obstacle to prevent him from accepting the application and selling the land to the relator; no rights had intervened, the lease had expired, there was a qualified purchaser applying in the manner and form required by law, and the Commissioner had the power to sell. Hazlewood v. Rogan, 95 Texas, 295; Steward v. Wagley, 68 S. W. Rep., 297.

If Patterson had caused the county clerk to indorse the same application "filed" on any day after the 16th of April before forwarding it to the General Land Office, it would have presented a claim which could not have been rejected by the Commissioner. As was said in the case of Hazlewood v. Rogan, what would have been the necessity or propriety of requiring Patterson to refile and present the identical papers which were then before the Commissioner of the General Land Office? If there had been another party presenting an application at the same time under exactly the same circumstances for a different section of land, under the decisions of this court, the Commissioner might have accepted such application although the lease had not expired at the time it was presented to the county clerk. Hazlewood v. Rogan and Steward v. Wagley, cited above. If he could reject the application of Patterson, then the Commissioner would be vested with the power to discriminate without reason between applicants who under the same circumstances presented applications to purchase public land. We are of opinion that the law does not invest the Commissioner with any such power; if he had authority to accept the application it was his duty to do so, and this application when presented to the Commissioner after the expiration of the lease, there being no intervening right, gave Patterson the same right to demand an acceptance of his application as if it had been filed on a day subsequent to the expiration of the lease.

Steward v. Wagley, 68 S. W. Rep., 297, in which this court refused a writ of error, is in line with Hazlewood v. Rogan. The case of Gracey v. Hendrix, 93 Texas, 26, is not in conflict with Hazlewood v. Rogan, because in Gracey v. Hendrix the application was made under the law when the land was appraised at $2 per acre and the application and deposit was made on the basis of $1.50 per acre. This court held that the obligation being presented and filed at a time when it did not conform to the law was not binding upon Hendrix when filed in the Land Office; besides another application was filed after the reappraisement of the land, and before the Commissioner acted on Hendrix's application. There is clearly no conflict between Gracey v. Hendrix and Hazlewood v. Rogan, nor is there any conflict between the former case and the case of Steward v. Wagley.

It is ordered that the writ of mandamus prayed for be granted and that the relator recover the costs against the respondents.

<em>Mandamus granted.</em>