### GLENN et al. v. GARRETT.

### No. 4437.

Court of Civil Appeals of Texas. Amarillo.

June 3, 1935.

Bean, Duggan & Bean, of Lubbock, for appellants.

Lockhart & Brown, of Lubbock, for appellee.

JACKSON, Justice.

The plaintiff, M. E. Garrett, instituted this suit in the district court of Lynn county against the defendants, H. E. Glenn, individually and as receiver for the Temple Trust Company, B. L. Parker, the sheriff of Lynn county, and F. E. Redwine, his deputy, to recover $2,000 actual damages alleged to have been occasioned by the unlawful eviction of plaintiff by the defendants from the east one-half of section 99, block 12, in Lynn county.

H. C. Glenn, for himself and as receiver for the Temple Trust Company, in due time and form filed pleas of privilege claiming residence in, and asking that the cause be transferred to, Bell county.

The plaintiff properly controverted these pleas and asserted his right to maintain the suit in Lynn county because (a) two of the defendants, Parker and Redwine, are resident citizens of said county, and (b) the suit was based on a tort or trespass committed by defendants in said county.

A hearing was had and the pleas of privilege overruled, from which action H. C. Glenn, for himself and as receiver, prosecutes this appeal.

The appellants' only contention is that, in order to maintain venue in Lynn county, it was incumbent upon M. E. Garrett, the appellee, to prove a prima facie case against them for an unlawful eviction, and, inasmuch as he failed to prove that his eviction from the land was illegal, no prima facie cause of action was shown, and the court erred in overruling the pleas of privilege.

On October 17, 1933, H. C. Glenn, as receiver for the Temple Trust Company, recovered in the district court of Bell county judgments against H. C. Burrus for the sum of approximately $7,750 and a decree foreclosing liens against the east one-half of said section 99, of which Burrus was the owner. On November 7th thereafter orders of sale were duly issued out of the district court of Bell county and directed to the sheriff of Lynn county, ordering him to sell the land as under execution, make the purchaser deeds, and place him in possession in thirty days. The sheriff received the orders of sale on November 8, 1933, and began advertising on January 4, 1934, that he would sell the land at the courthouse door of Lynn county on the 6th day of February, 1934, which was the first Tuesday in said month. No sale was had on said date as advertised, because on February 5th, by special act of the Legislature (Acts 1934, 2d Called Sess., c. 2, Vernon's Ann. Civ. St. art. 2218b note), the sale was stayed for a period of thirty days. The sale was not readvertised, but the land was sold under the order of sale

on March 6, 1934, and H. C. Glenn, as receiver, became the purchaser thereof and received a deed therefor. April 25th writs of possession were issued out of the district court of Bell county, and by virtue thereof F. E. Redwine, the deputy sheriff, evicted and dispossessed the appellee from the land on May 1, 1934.

About December 15, 1933, H. C. Burrus leased the half section of land for the year 1934 to the appellee, who moved upon and took possession thereof about December 28th, but the lease contract was not reduced to writing until January 1, 1934. The appellee was not a party to the foreclosure proceedings above mentioned, and had no knowledge thereof until some time after he had rented and gone into possession of the property.

The appellee, by the testimony, shows a prima facie cause of action if his eviction was illegal.

He says that his eviction was unlawful because the order of sale or writ of execution had become functus officio before February 6, 1934, the first and only date on which the land was advertised for sale thereunder. The writ issued November 7, 1933, authorized the sheriff to seize and sell the land, and directed him, "Herein Fail Not, but due return make hereof within ninety days showing how you have executed the same."

Article 3784, R. C. S., provides that: "The execution shall be returnable to the first day of the next term of the court, or in thirty, sixty or ninety days, if so directed by the plaintiff, his agent or attorney."

In Burr v. Lewis, 6 Tex. 76, the court, in construing the statute providing that an appellant must give an appeal bond within twenty days after the term of court closed says:

"It appears from the certificate of the Clerk, that the Term of the District Court at which the judgment, in this case, was rendered, closed on the 16th day of July, 1849; and the appeal bond was given and approved on the 6th day of August, next thereafter. The statute, as we have seen, requires that the appeal bond be given within twenty days after the Term of the Court, at which the judgment was rendered.

"It is a well settled rule respecting the computation of time, that where it is to be computed from or after a certain day from an act done, the day, on which the act is done, is to be excluded in the computation, unless it appear that a different computation was intended. * * *

"By applying this rule to the present case, the twenty days, allowed for giving the appeal bond, expired on the 5th day of August; and the appeal was not perfected, by giving a bond within the time prescribed."

See, also, Patterson v. Terrell, 96 Tex. 509, 74 S. W. 19; Hunter et al. v. Lanius et al., 82 Tex. 677, 18 S. W. 201.

The word "within," used relative to time, has been "defined variously as meaning: any time before; at or before; at the end of; before the expiration of; not beyond; not exceeding; not later than." 69 C. J. p. 1314, § 4.

Excluding the 7th day of November, 1933, the day on which the execution was issued, the ninety days within which the sheriff was to execute the writ expired February 5, 1934, and the writ was functus officio on February 6, 1934, the day on which the land was advertised to be sold.

In Hester v. Duprey & Harcourt, 46 Tex. 625, the Supreme Court, speaking through Chief Justice Roberts, says: "The land having been sold by the sheriff, under the writ of execution, one day after it was functus officio, the sale was void, and conveyed no title to Hester."

This pronouncement of the law has been adhered to in an unbroken line of decisions. Tanner v. Grisham (Tex. Com. App.) 295 S. W. 590; 18 Tex. Jur. p. 665, § 110, and authorities cited.

If no stay law had been passed by the Legislature, and the sale had been made as advertised on February 6, 1934, no title would have passed to H. C. Glenn, the purchaser. Hence the validity or invalidity of the stay law in the disposition of this appeal is immaterial.

Since the sale was void, the eviction of the appellee was unlawful, and the receiver, the sheriff, and his deputy jointly committed a trespass on the appellee in Lynn county, and the pleas of privilege were correctly overruled.

The judgment is affirmed.