Opinion delivered June 3, 1887.

No. 5697.

## J. WILLIAMS & CO. *v.* CHARLES VERNE, ADMINISTRATOR.

1. LEGAL HOLIDAY—WAIVER.—A defendant who enters his appearance and answers to the merits in a suit begun on a legal holiday, before excepting on account of the suit being thus instituted, thereby waives the question of jurisdiction. The objection to a suit thus brought, may also be cured by an amended original petition filed before the defendant's exceptions.

2. ADMINISTRATOR DE BONIS NON.—An administrator *de bonis non* may maintain an action to recover the proceeds of a note which has been fraudulently disposed of by a former administrator.

3. PARTIES—ADMINISTRATION.—An administrator transferred a note belonging to the estate in payment of a debt due from himself. The maker of the note afterwards executed to the holder a new note payable to him in lieu of the note thus transferred, which he paid. In a suit against the former administrator, by the administrator *de bonis non*, to recover the proceeds of the note thus fraudulently transferred, *held:* That in such a suit brought for the wrongful conversion of property against the former administrator, neither the sureties on his official bond nor the maker of the original note were necessary parties defendant.

4. ADMINISTRATOR DE BONIS NON.—An application for letters of administration which alleges that a former administrator had been appointed who qualified as administrator and had died before winding up the estate, is sufficient, even if it were essential to the validity of the administration *de bonis non* that the necessity therefor should appear in the application for lettters.   Such a necessity, however, does not exist, since it will be presumed that the proper evidence to authorize the appointment was submitted.

5. OATH OF ADMINISTRATOR DE BONIS NON.—It is no valid objection to the oath required before the issuance of letters (Rev. Stats., art. 1886) that it omits the words, "died without leaving any lawful will." The question as to whether there was a will must be presumed to have been settled prior to the issuance of the former letters.

6. BOND OF ADMINISTRATOR.—The amount of the penalty which should be fixed in the bond of an administrator must be determined, not from the estimated value of the estate as set forth in the application for letters,

but by the order of the court. Once fixed by the court granting administration, the presumption must obtain that the penalty specified in the bond was twice the value of the estate, as estimated by the court.

APPEAL from Wise. Tried below before the Hon. F. E. Piner.

*A. Edwards* and *Crane & Trenchard,* for appellant, on their proposition that the suit being begun on a legal holiday, no jurisdiction attached, cited Revised Statutes, article 1184; in re Worthington, Central Law Journal, volume 3, page 526; Lampe v. Manning, 38 Wisconsin, 673; 12 John, 177; 1 Strange, 387; 1 White & Willson's Civil Cases, sections 142, 108, 1028; 4 Texas, 429.

That an administrator *de bonis non* can not recover assets which have been sold by a former administrator, even though the administrator may have failed to account for the same except by action on his bond, they cited Revised Statutes, article 1960; 37 Texas, 67; Wait's Actions and Defenses, volume 3, pages 239, 259, 266, and cases there cited.

That the necessary parties were not before the court, they cited 17 Texas, 87; 54 Texas, 36; 18 Texas, 657.

That the administrator had never taken the oath required by law, they cited Revised Statutes, articles 1886, 1889.

*J. W. Patterson* and *J. L. Lovejoy,* for appellee, on their proposition that defendant, by answering to the merits before presenting his exemption and privilege, waives his privilege, cited Morris v. Runnels, 12 Texas, 175; Gildart v. Grumbles, 22 Texas, 15; Sayles's Practice, section 285.

That an administrator *de bonis non* can maintain a suit to recover assets improperly sold or administered by his predecessor, they cited Revised Statutes, article 1960, 1961; Martel v. Martel, 17 Texas, 396; Francis v. Northcote, 6 Texas, 185, 186; Evans v. Oakley, 2 Texas, 183, 184; Giddings v. Steele, 28 Texas, 747, 748; Rogers v. Kennard, 54 Texas, 30, 31.

GAINES, ASSOCIATE JUSTICE. The court did not err in overruling the exceptions of appellants, who were defendants in the court below, to plaintiff's amended petition.

The original petition, it is true, was filed upon a legal holiday, and the statute provides that no civil suit shall be commenced, or any process issued or served on such day, except in certain cases. (Rev. Stats., art. 1184.) But defendants first answered

by a general demurrer and general denial and thereby, as we think waived any objection to the further prosecution of the action by reason of the irregularity in filing the petition. Besides when the exceptions were filed, plaintiff had filed his amended original petition under the rules.

A further ground of exception was that the petition showed that it was an action brought by an administrator *de bonis non*, to recover the proceeds of a note belonging to the estate which had been fraudulently disposed of by the first administrator. It is contended that an administrator *de bonis non* is not authorized to bring such a suit. But that he has such power, is, we think, definitely settled by this court in the elaborate opinion in the case of Todd, administrator, v. Willis, 66 Texas, 704, to which we need only refer.

The other grounds of exception are for the want of proper parties defendant. John Barrick the former administrator, transferred the note, the property of the estate, to appellants, in satisfaction of a debt due them by him and his brother, D. M. Barrick, and afterwards died. S. L. Terrell & Sons, the makers of the note, executed to appellants, in lieu of the original, new notes payable to the latter, which they subsequently paid. It is insisted in support of the exceptions, that the bondsmen of the former administrator and Terrell & Sons were liable for the conversion of the original note and not these appellants. It may be that the transfer of the note by the administrator was such maladministration as would render his bondsmen liable to account for its value, and that Terrell & Sons having paid it to a party not entitled to receive the proceeds, were not discharged of their obligation to the estate, and still owed the debt, if the administrator *de bonis non* saw proper to demand it of them. But defendants were also liable. They appropriated property belonging to the estate to their own use, without authority of law, and received the proceeds in money and they can be held to account to the estate for it. If the administrator *de bonis non* saw proper to ratify the payment so far as the makers of the note are concerned and to proceed against them, they have no right to complain. They have received money to which they are not entitled, and in the eye of the law, will have lost nothing when compelled to disgorge it. They will have their claim against the parties whose debts was paid by the transfer of the note, as they had before, and are not injured. Should Terrell & Sons be made to pay again to the estate, appellants would be

liable to them; so that their ultimate responsibility would have been the same, however the suit may have been brought. The appellants were sued for a tort in the wrongful conversion of the property of the estate and are liable to be sued alone without reference to other parties who may have participated in, or been connected with, the transaction. (Pomeroy on Remedies, sec. 281, et seq.)

What we have already said is sufficient to dispose of appellant's second and fourth assignments.

Appellant's sixth assignment of error is as follows: "The court erred in rendering judgment for plaintiff for the full amount of the note in suit, because the pleadings of the plaintiff and the testimony show, that John and D. M. Barrick were heirs of A. M. Barrick, and had received the entire proceeds of the note, and their shares as such heirs should have been deducted from the amount for which judgment was rendered."

We find no evidence in the record showing that John and D. M. Barrick would have any interest in their father's estate. Admitting, for the sake of the argument, that appellants should have been permitted to retain the respective shares of these heirs in any case, it could only be upon pleading and proof, showing that there would be a surplus of the estate after the payment of the debts. But even this would be calculated to embarrass the administration, and in our judgment could not be permitted.

Defendants pleaded, under oath, that plaintiff had not been duly appointed and had not legally qualified as administrator of the estate of A. M. Barrick. The application for letters, the oath and the bond were offered in evidence for the purpose of showing the invalidity of the letters of administration which had been introduced by plaintiff. It is contended that the petition is not sufficient, because it does not show the necessity for the administration. Article 1959 of the Revised Statutes reads as follows: "When the administrator of the estate not administered has been, or shall be hereafter appointed, he shall succeed to all rights," etc. We think it sufficient, under this, merely to represent to the court that the estate is not fully administered, without the allegations named in the statute for an application for an original grant of letters. The application before us alleges that John Barrick had been appointed and qualified as administrator of the estate, and had "died before winding up the estate of A. M. Barrick aforesaid." We are of opinion this

is sufficient, even if it was essential to the validity of an administration that the necessity therefor should appear on the face of the application for letters. But it has been decided that this is not necessary; that proof may be made in the probate court of a fact not alleged in the pleading; and that the presumption should be indulged that the proper evidence had been offered to support the judgment. (Kleinecke v. Woodward, 42 Texas, 311, and cases there cited.)

The objection to the oath is, that it omits the words: "Died without leaving any lawful will." The reason for this averment in the oath, it seems to us, does not exist in case of administrators *de bonus non*, because the oath of the former administrator and the further lapse of time may be presumed to have set at rest the question of a will. We think, therefore, the omission unimportant.

It is insisted that the bond is insufficient, because it is only in the sum of three thousand five hundred dollars, when the application for letters states the value of the property of the estate at three thousand dollars. The statute requires a bond in double the amount of the estimated value of the estate (Rev. Stats., art. 1889); and this means double the value estimated by the court. The order of the court in evidence shows that it fixed the penalty of the bond at three thousand five hundred dollars, from which it must be inferred that the court estimated the value of the estate at half that amount.

We find no error in the judgment and it is affirmed.

*Affirmed.*