Sherry Renee MORGAN, Appellant,

v.

Pamela CHANDLER, M.D., John Crane, M.D., Kelly Wilson, M.D., Gaston Prieto, M.D., Amarillo Hospital District d/b/a Northwest Texas Hospital, and Texas Tech University Health Sciences Center, Appellees.

No. 07–94–0293–CV.

Court of Appeals of Texas, Amarillo.

Aug. 16, 1995.

Rehearing Overruled Oct. 11, 1995.

William E. Kelly, III, Canyon, for appellant.

Thomas C. Riney, Tod Mayfield, Gibson, Ochsner & Adkins, Amarillo, Barbara L. Stroud, Assistant Attorney General, Austin, Ken Braxton, Jr., Kevin Williams, Lubbock, for appellees.

Before REYNOLDS, C.J., and DODSON and QUINN, JJ.

DODSON, Justice.

Appellant, Sherry Renee Morgan, filed this medical malpractice action against appellees, Pamela Chandler, M.D., John Crane, M.D., Kelly Wilson, M.D., Gaston Prieto, M.D. (collectively referred to as the physicians), Amarillo Hospital District d/b/a Northwest Texas Hospital (the Hospital), and Texas Tech University Health Sciences Center (the Center), seeking damages for medical care rendered to her in connection with the delivery of her still-born child. After finding that Morgan filed her petition on Sunday, February 13, 1994, the trial court dismissed the lawsuit. We affirm in part, and reverse and remand in part.

The undisputed facts show that Morgan's original petition was file-marked on Sunday, February 13, 1994. On March 4, 1994, and March 14, 1994, the Hospital and the Center respectively filed their original answers. Then, on March 21, 1994, the physicians filed a motion to dismiss, arguing that Morgan's petition was void because it was filed on a Sunday in contravention of Texas Rule of Civil Procedure 6.[1] The trial court granted the physicians' motion on June 1, 1994.

Thereafter, the Hospital and the Center filed similar motions to dismiss which were eventually granted by the trial court.

By her first point of error, Morgan contends the trial court erred in granting the motions to dismiss. Essentially, she claims it was not counsel's intent to file the original petition on Sunday, but rather to simply deliver it into District Clerk Cindy Groomer's hands so that it could be timely filed on Monday. In this connection, Morgan claims by three supplemental points of error that the evidence is legally and factually insufficient to support the trial court's findings that (1) counsel did not communicate to Groomer that she should wait to file the petition on Monday, (2) counsel intended to have Groomer file the petition on Sunday, and (3) Groomer accepted the petition for filing from counsel on Sunday with the intent that it be placed among the official papers of the cause. We disagree.

In reviewing a legal insufficiency point, we must look at the record in the light most favorable to the finding to see if any probative evidence or any reasonable inferences therefrom support the finding, while at the same time disregarding all evidence or reasonable inferences therefrom to the contrary. *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). In reviewing a factual insufficiency point, we must look at the entire record to determine if probative evidence exists to support the finding. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). If it does, we must determine whether the evidence supporting the finding is so weak or the answer so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *Garza v. Alviar*, 395 S.W.2d at 823; *In Re King's Estate*, 150 Tex. 662, 664–65, 244 S.W.2d 660, 661 (1951).

---

1. Texas Rule of Civil Procedure 6 provides:
   No civil suit shall be commenced nor process issued or served on Sunday, except in cases of injunction, attachment, garnishment, sequestration, or distress proceedings; provided that citation by publication published on Sunday shall be valid.

Texas Rule of Civil Procedure 22 states:
   A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk.

■ Here, the record shows counsel telephoned Groomer on Friday, February 11, 1994, and Saturday, February 12, 1994, to arrange a time to deliver to her the original petition in this cause. Counsel informed Groomer that he wanted the petition in her hands before he left town on Monday, February 14, 1994, to begin a trial in Lubbock in federal court. Counsel and Groomer agreed to meet at the district clerk's office on Sunday, February 13, 1994.

When counsel tendered the petition to Groomer, she file-stamped it and handed to him a file-marked copy of the pleading. Groomer did not know if counsel saw her file-stamp the petition. Counsel reported that he did not see her file-stamp the document. Along with the petition, counsel also gave Groomer a check for the filing fee. After receiving the petition and the check, Groomer placed the petition on her civil supervisor's desk. Groomer testified that she informed counsel she would not assign a cause number to the lawsuit or issue citations until Monday. On Monday, February 14, 1994, the lawsuit was assigned a cause number and placed in a shuck or file folder.

Counsel testified that his intention was to have the petition filed on Monday, February 14, 1994, and that he requested Groomer to file it on that day. He reported that he only delivered the petition to Groomer on Sunday because he would be unable to deliver it to her on Monday. Groomer, however, testified that counsel did not tell her to file the lawsuit on Monday. She reported that she accepted the petition in her official capacity as district clerk and intended that it be kept among the papers for that particular lawsuit. When asked what she would have done had counsel informed her he wanted the lawsuit filed on Monday, she responded that she would have told him to bring it in on Monday. Groomer testified that she file-marks every document the moment she receives it. She reported that she would file-stamp a document the moment she received it even if she were given instructions to delay the filing.

■ Under these circumstances, probative evidence exists to support the challenged findings, and the findings are not clearly wrong or manifestly unjust. The mere fact that counsel's testimony differed from Groomer's, concerning whether he informed her that he wanted the petition filed on Monday, does not render the evidence legally or factually insufficient. Rather, the trial court was free to judge the credibility of the witnesses, to assign the weight to be given their testimony, and to resolve any inconsistencies and conflicts. *Ramo, Inc. v. English,* 500 S.W.2d 461, 467 (Tex.1973). In making its findings, the trial court was entitled to believe all, part, or none of the testimony of any witness. *Id.* Consequently, point one and supplemental points one, two, and three are overruled.

■ By her second point of error, Morgan contends the trial court erred in granting the Hospital's and the Center's motions to dismiss because they failed to raise their objections prior to filing their original answers. We agree.

■ It has long been the law of this state that an objection to an irregularity in the filing of a petition (*i.e.,* filing a petition on Sunday) is waived if not raised before filing an answer. *Ullman v. Verne,* 68 Tex. 414, 4 S.W. 548, 549 (1887); *see also Erback v. Donald,* 170 S.W.2d 289, 293 (Tex.Civ.App.— Fort Worth 1943, writ ref'd w.o.m.); *Benchoff v. Stephenson,* 72 S.W. 106, 107 (Tex. Civ.App.1902, no writ); *Burns v. Barker,* 71 S.W. 328, 329 (Tex.Civ.App.1902, no writ); *Cox v. Trent,* 20 S.W. 1118, 1119 (Tex.Civ. App.1892, no writ). Here, the Hospital and the Center filed their original answers on March 4, 1994, and March 14, 1994, respectively. The Hospital then raised its objection to the Sunday filing for the first time when it filed its motion to dismiss on June 7, 1994. Similarly, the Center did not object to the Sunday filing until July 1, 1994, when it filed its motion to dismiss or in the alternative motion to quash citation. Because the Hospital and the Center answered Morgan's lawsuit prior to objecting to the filing irregularity, they waived their objections to the Sunday filing. Consequently, point two is sustained.

Accordingly, we affirm the trial court's order dismissing the lawsuit as to the physicians, and reverse those orders dismissing

the lawsuit as to the Hospital and the Center and remand the cause for a trial on the merits.

QUINN, Justice, concurring.

I concur in the original opinion of Justice Dodson for the reasons stated therein and those that follow.

■ As the dissent notes, Sunday is accorded, by the common law, the status of *dies non juridicus.* Thus, *judicial actions* performed during that day have been held void. Yet, the scope of *dies non juridicus* excludes ministerial acts. *Texas State Board of Dental Examiners v. Fieldsmith,* 242 S.W.2d 213, 215 (Tex.Civ.App.—Dallas 1951, writ ref'd n.r.e.); 26 A.L.R.2d 996, § 2 (1952); 83 C.J.S. *Sunday* § 41 (1953). Furthermore, "the matter of filing papers recognized by law as properly belonging in the record of causes" is non-discretionary, that is, ministerial. *Bernard v. Crowell,* 38 S.W.2d 912, 912 (Tex.Civ.App.—San Antonio 1931, writ ref'd n.r.e.) (involving a bystander's bill of exceptions). Next, an original petition which initiates the "cause" is logically one such paper "properly belonging in the record of causes." Filing same, therefore, is ministerial and outside the parameters of *dies non juridicus.* Consequently, the act, if done on Sunday, is not void under the common law, 83 C.J.S. *Sunday* § 49; *Havens v. Stiles,* 8 Idaho 250, 67 P. 919, 919–20 (1902), or subject to the *dies non juridicus* teachings of *Crabtree v. Whiteselle,* 65 Tex. 111 (1885).

REYNOLDS, Chief Justice, concurring and dissenting.

I concur in the holding that the evidence is legally and factually sufficient to support the trial court's finding that Sherry Renee Morgan's petition was filed on a Sunday. I also concur in the affirmance of the trial court's dismissal of Morgan's action against Pamela Chandler, M.D., and the other defendant-physicians. However, I do not agree that by filing their answers before they objected to the Sunday filing, Amarillo Hospital District d/b/a Northwest Texas Hospital and Texas Tech University Health Science Center waived their objection to the Sunday filing.

Accordingly, I would affirm the trial court's dismissal of the entire action.

The seminal opinion upon which reliance is placed to hold the Hospital and the Center waived their objection, *Ullman v. Verne,* 68 Tex. 414, 4 S.W. 548 (1887), addressed the matter in this language:

The court did not err in overruling the exceptions of appellants, who were defendants in the court below, to plaintiff's amended petition. The original petition, it is true, *was filed upon a legal holiday;* and the statute provides that no civil suit shall be commenced, or any process issued or served on such day, except in certain cases. Rev.St. art. 1184. But defendants first answered by a general demurrer and general denial, and thereby, as we think, waived any objection to the further prosecution of the action by reason of the irregularity in filing the petition. Besides, when the exceptions were filed, plaintiff had filed his amended original petition under the rules.

*Id.* 4 S.W. at 549 (emphasis added). It is to be noted that the opinion's statement is that the original petition "was filed upon a legal holiday," not on a Sunday, albeit more than fifty years ago two intermediate appellate courts applied the *Ullman* holding to suits filed on a Sunday. *See, e.g., Erback v. Donald,* 170 S.W.2d 289, 293 (Tex.Civ.App.—Fort Worth 1943, writ ref'd w.o.m.); *Benchoff v. Stephenson,* 72 S.W. 106, 107 (Tex.Civ.App. 1902, no writ).

The *Ullman* court's citation and application of article 1184, *supra,* to its fact situation is understandable in the light of that court's earlier quote and explanation of the article in *Crabtree v. Whiteselle,* 65 Tex. 111 (1885), in this manner:

Article 1184 of the Revised Statutes provides that, "no civil suit shall be commenced, nor shall any civil process be issued or served on Sunday, *or any legal holiday,* except in case of injunction, attachment or sequestration." This article is in the chapter on the commencement of suits, and the prohibition contained in it against the issuance and service of process on holidays was intended to be confined to such process as may be required in the

commencement of a suit, except in cases of injunction, attachment and sequestration. Sunday is at common law a *dies non juridicus,* and hence the issuance and service of process on that day is invalid, independent of statute. As to Sunday the statute declares the common law, and by the exception, modifies it. Holidays, on the other hand, have only the sanctity attached to them by statute....

*Id.* at 113. Given that the issuance and service of process on Sunday is invalid, then a fortiori the filing of a civil suit on Sunday is void. But, in *Ullman,* the original petition was not filed on a Sunday; rather, it was filed on a legal holiday.

Subsequently, current rule 6, Texas Rules of Civil Procedure, was promulgated to specify that:

> No civil suit shall be commenced nor process issued or served on Sunday, except in cases of injunction, attachment, garnishment, sequestration, or distress proceedings; provided that citation by publication published on Sunday shall be valid.

Not only does the rule embrace the *Crabtree* court's announcement of the invalidity of the filing of a suit and the issuance and service of process on a Sunday, but using the word "shall" in the mandatory sense to prohibit those actions, it distinguishes their voidness from the validity statutorily given a citation by publication published on Sunday.

Generally, the jurisdiction of a court is invoked by the filing of a petition whose subject matter is within the jurisdiction of the court. *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1069 (1926). However, the court's jurisdiction must be legally invoked and, if not legally invoked, the court is without power to act, *State v. Olsen,* 360 S.W.2d 398, 400 (Tex.1962), *overruled on another ground by, Jackson v. State,* 548 S.W.2d 685, 690 n. 1 (Tex.Cr.App.1977), except to dismiss the cause for want of jurisdiction. *Hunt v. Johnson,* 106 Tex. 509, 171 S.W. 1125, 1126 (1914); *Barnes v. Bituminous Casualty Corporation,* 495 S.W.2d 5, 10 (Tex.Civ.App. 1973, writ ref'd n.r.e.).

It follows that because the petition in this cause was filed on Sunday, and its filing on that day was forbidden, the jurisdiction of the trial court was not legally invoked over the cause, and the only jurisdiction possessed by the court was to dismiss the cause. That is precisely what the trial court did. Consequently, I would affirm the trial court's judgment of dismissal.

## RESPONSE TO THE DISSENT

DODSON, Justice.

In his dissenting opinion, the Chief Justice asserts that the Sunday filing of a law suit is *void ab initio,* and conveys no jurisdiction on the court other than to dismiss the cause, because Rule 6 uses the word "shall" in the mandatory sense. I disagree with his analysis.

The words "may" and "shall" are frequently used interchangeably. The use of one or the other of these words in a statute is not conclusive on the question as to whether the statute should be construed as mandatory or discretionary. *Lewis v. Jacksonville Building & Loan Assoc.,* 540 S.W.2d 307 (Tex. 1976); *Chisholm v. Bewley Mills,* 155 Tex. 400, 287 S.W.2d 943, 945 (1956); and *Hess & Skinner Engineering Co. v. Turney,* 109 Tex. 208, 203 S.W. 593 (1918). As the court states in *Chisholm:*

> There is no absolute test by which it may be determined whether a statutory provision is mandatory or directory.
>
> \*      \*      \*      \*      \*      \*
>
> In determining whether the Legislature intended the particular provision to be mandatory or merely directory, *consideration should be given to the entire act,* its nature and object, *and the consequences that would follow from each construction.* Provisions which are not of the essence of the thing to be done, but *which are included for the purpose of promoting the proper, orderly and prompt conduct of business, are not generally regarded as mandatory.* (Emphasis added).

I am persuaded that the controlling principle of construction of Rule 6 is "the consequences that would follow each construction." In that regard, I note that the rule does not provide an expressed legal consequence for a

Sunday filing which was a significant consideration in *Lewis v. Jacksonville Building & Loan Assoc.*, 540 S.W.2d at 311. The mandatory construction (*i.e., void ab initio* or no jurisdiction) presents grave consequences such as complete destruction of an otherwise litigable cause of action, whereas a directory construction promotes a determination of the case on its merits, rather than on a so-called procedural technicality.

In earlier times, Sunday laws were justified on a religious basis. Later, these laws were justified as a labor relation consideration (*i.e.,* day of rest). In Texas, most Sunday laws have been repealed. I am persuaded that Rule 6 in its modern sense relieves the courts' clerks from providing case filing service on a seven day week basis.[1] Also, I note that in the rule's 135 plus years of existence, the Texas Supreme Court has not given the rule a mandatory construction.

---

1. Some members of this Court do recall when the courthouses were open for business on every day of the week, save and except Sunday.