**CONDITIONALLY GRANT and Opinion Filed November 8, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00741-CV**
_____

**IN RE JOHN CREUZOT, Relator**

**Original Proceeding from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-21-00754**

## OPINION

Before Justices Osborne, Pedersen, III, and Goldstein
Opinion by Justice Goldstein

In this original proceeding, relator John Creuzot, as the District Attorney of

Dallas County ("the State"), asks us to compel the 305th Judicial District Court of

Dallas County, Texas ("juvenile court"), to vacate its August 20, 2021 injunctive

order as void and dismiss the probation department's application for temporary relief

for want of jurisdiction. Because we agree with the State that the juvenile court

lacked jurisdiction to issue the challenged injunctive order, we conditionally grant

the writ of mandamus.

# I.   BACKGROUND

The State filed an indictment charging the adult defendant with murder. The criminal proceeding is pending in the 283rd Judicial District Court of Dallas County, Texas ("criminal court"), under cause number F19-75881-T. In that proceeding, the State issued a subpoena to compel the appearance and testimony of the defendant's former juvenile probation officer during the criminal trial.

After failing to successfully quash the subpoena in criminal court, the juvenile probation department filed an application for a temporary restraining order and request for temporary orders in the juvenile court, which had prior jurisdiction over the defendant's juvenile delinquency proceeding. The probation department asked the juvenile court to temporarily restrain the State from disclosing any confidential juvenile information without the juvenile court's permission. The probation department further asked for temporary orders to ensure the protection and confidentiality of the defendant's juvenile record and the juvenile probation department's record, including but not limited to: (1) orders directing the State to comply with Texas Family Code Chapter 58 and not to disclose any confidential juvenile record and (2) orders directing the State to properly request a confidential juvenile record through the juvenile court. The juvenile court issued an order temporarily restraining the State from "disclosing, subjecting others to disclose, and/or utilizing confidential juvenile information in any manner contrary to Chapter 58 of the Texas Family Code," and the matter was set for a hearing.

At the hearing, the probation department complained that the State could not have known the identity or name of the defendant's juvenile probation officer unless the State had improperly accessed the confidential juvenile records. On August 20, 2021, the juvenile court granted the probation department's application and issued an "Order on Injunctive Relief." Among other things, the juvenile court found that the identity of the defendant's juvenile probation officer could not have been known to the State unless the State had inspected a protected and confidential record, and, even if the State did have the authority to inspect the juvenile records, the State did not have the authority to disclose or utilize the probation officer's name or identity, including issuing a subpoena in the probation officer's name. The court further found that the State did not seek the juvenile court's approval prior to utilizing or disclosing confidential, protected information regarding the juvenile record. Accordingly, the injunctive order restricts the State from: (1) disclosing or utilizing any information obtained from a confidential juvenile record; (2) "subjecting any individual, agency or organization to disclose, in any forum" information obtained from a confidential juvenile record; and (3) using any obtainable information from a confidential juvenile record. This mandamus proceeding followed.

In its petition for writ of mandamus, the State asks this Court to direct the juvenile court to vacate its injunction and dismiss the probation department's application for want of jurisdiction. The State has also filed an appeal from the injunction addressing both jurisdictional and substantive issues. This panel

–3–

requested a response and later issued a stay of the injunctive order and underlying proceeding pending further order of this Court. Although the response to the petition was due on October 4, 2021, the real party in interest has filed no response to date.

## II.    ANALYSIS

Generally, to be entitled to the extraordinary remedy of mandamus, a relator must show both that the trial court has clearly abused its discretion and that she has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Where the trial court's order is void, however, it is unnecessary for the relator to show the lack of other adequate remedies for a writ of mandamus to issue. *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973). An order is void when it is clear that the court had no jurisdiction over the parties or subject matter, no jurisdiction to render judgment, or no capacity to act as a court. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex. 1995); *see Alderson v. Alderson*, 352 S.W.3d 875, 879 (Tex. App.—Dallas 2011, pet. denied) (discussing the same elements of a judgment as void). Subject matter jurisdiction is never presumed and can also be raised at any time. *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008).

We conclude that the challenged order is void because the juvenile court lacked jurisdiction to issue it.[1] "The juvenile court is not a court of general jurisdiction." *In re N.J.A.*, 997 S.W.2d 554, 555 (Tex. 1999). The Family Code

---

[1] We note that the challenged injunctive order is actually a permanent injunctive order.

–4–

supplies the juvenile court's authority to act. *Id.* The juvenile court has exclusive, original jurisdiction over all proceedings involving a defendant who is a "child" when the alleged offense occurred. *See* TEX. FAM. CODE ANN. § 51.04(a). The Family Code defines "child" as one who is:

> (A) ten years of age or older and under 17 years of age; or

> (B) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age.

*Id.* § 51.02(2). The juvenile court's jurisdiction is limited once the child turns eighteen years old. *See In re N.J.A.*, 997 S.W.2d at 555–56.

Generally, to invoke the jurisdiction of a court, a party must file a petition whose subject matter is within the jurisdiction of the court. *See Morgan v. Chandler*, 906 S.W.2d 584, 588 (Tex. App.—Amarillo 1995, writ denied) (Reynolds, C.J., concurring and dissenting) (citing *Cleveland v. Ward*, 285 S.W. 1063, 1069 (Tex. 1926)). A plaintiff's petition "must state facts which affirmatively show the jurisdiction of the court in which the action is brought." *Richardson v. First Nat'l Life Ins. Co.*, 419 S.W.2d 836, 839 (Tex. 1967); *Brown v. Peters*, 94 S.W.2d 129, 130 (Tex. 1936). If, even by amendment, no claim or cause of action can be stated consistent with the facts alleged, the petition fails to invoke the trial court's jurisdiction, and the court only has jurisdiction to dismiss the suit for want of jurisdiction. *See Bybee v. Fireman's Fund Ins. Co.*, 331 S.W.2d 910, 917 (Tex. 1960)

(explaining that, although the imperfect statement of a claim will not automatically defeat jurisdiction, the court lacks jurisdiction where, even by amendment, no cause of action can be stated consistent with the facts alleged). "An injunction is an equitable remedy, not a cause of action." *Brittingham v. Ayala*, 995 S.W.2d 199, 201 (Tex. App.—San Antonio 1999, pet. denied) (citations omitted).

Here, even putting to one side the limited nature of the juvenile court's jurisdiction, the probation department did not file a petition alleging a claim or cause of action in the juvenile court proceeding. All that was filed was the probation department's application for a temporary restraining order and request for temporary orders, which alleged no claim or cause of action.

We also find that a cause of action could not be stated consistent with the facts alleged in the application. The probation department essentially sought to enforce the requirements of section 58.007 of the Texas Family Code, entitled "Confidentiality of Probation Department, Prosecutor, and Court Records." TEX. FAM. CODE ANN. § 58.007. Section 58.007 "applies only to the inspection, copying, and maintenance of a record concerning a child and the storage of information, by electronic means or otherwise, concerning the child from which a record could be generated . . . ." *Id.* § 58.007(a). With respect to the juvenile court's role in this section, subsection (b)(6) provides that records may be inspected or copied "*with permission from the juvenile court* [by] any other person, agency, or institution having a legitimate interest in the proceeding or in the work of the court." *Id.*

§ 58.007(b)(6) (emphasis added). Subsection (g) also provides the procedure through which prosecuting attorneys can obtain a criminal defendant's juvenile records:

> (g) For the purpose of offering a record as evidence in the punishment phase of a criminal proceeding, a prosecuting attorney may obtain the record of a defendant's adjudication that is admissible under Section 3(a), Article 37.07, Code of Criminal Procedure, by submitting a request for the record *to the juvenile court that made the adjudication.* If a court receives a request from a prosecuting attorney under this subsection, the court shall, if the court possesses the requested record of adjudication, certify and provide the prosecuting attorney with a copy of the record. If a record has been sealed under this chapter, the juvenile court may not provide a copy of the record to a prosecuting attorney under this subsection.

*Id.* § 58.007(g) (emphasis added).

The Family Code, however, contains no express provision creating a right of action to enforce section 58.007's requirements. We further conclude there is no implied right of action. After all, "[w]e are obligated by separation of powers principles to exercise restraint, strictly construe statutory enforcement schemes, and imply a private cause of action to enforce a statute only when the legislature's intent is clearly expressed from the language as written." *Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 620 S.W.3d 458, 464 (Tex. App.—Dallas 2021, pet. filed). "Although in some cases it may be desirable to imply a private right of action to provide remedies thought to effectuate the purpose of the statute, ultimately we must determine whether the drafters intended to create such a private remedy." *Id.* We do not see such intent here. Accordingly, we conclude that no cause of action exists to

support the injunctive relief sought for the State's alleged violation of section 58.007's requirements.

Contrary to the probation department's assertion in its application for a temporary restraining order and request for temporary orders, we determine that the juvenile court did not have continuing jurisdiction over the matter. As we have already noted above, the juvenile court's jurisdiction is limited once the child turns eighteen years old. As relevant here, the juvenile court may grant permission to inspect or copy records under section 58.007(b)(6) or grant a prosecuting attorney's request for a record for the purpose of offering it as evidence in a criminal proceeding under section 58.007(g). The Family Code contains no provision vesting the juvenile court with continuing jurisdiction to issue injunctive relief addressing a party's failure to comply with these provisions.

## CONCLUSION

Relator has shown his entitlement to mandamus relief. Accordingly, we conditionally grant his petition and direct the juvenile court to vacate its August 20, 2021 injunctive order and dismiss the proceeding for want of jurisdiction. The writ will issue should the juvenile court fail to comply.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

210741F.P05